WALTER B. DEAN, JR., AND ESTHER N. DEAN, PLAIN-TIFFS AND APPELLANTS, v. J. W. CARTER, DEFENDANT AND RESPONDENT.

No. 9319.
Submitted March 1, 1957. Decided April 23, 1957.
309 Pac. (2d) 1032.

Mr. H. G. Young, Mr. Russell K. Fillner, Forsyth, for appellant.

Mr. F. F. Haynes, Forsyth, Mr. Hugh J. Lemire, Miles City, for respondent.

Mr. Fillner and Mr. Lemire argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiffs brought this action to recover on a promissory note in the sum of $1,850 executed in April, 1949. Defendant admits the execution of the note. but alleges in substance that it has been paid in full.

He pleaded a cross-complaint in which he alleged that plaintiffs and defendant, in the spring of 1948, entered into an agreement whereby they were to operate a farm jointly, and equally divide the net profits from its operation; that in the year 1949 they raised sufficient grain so that defendant's share of the net profits amounted to $9,000; that he actually received only the sum of $4,650 from his share of the grain raised, and advised the plaintiffs that the note should be paid from the balance of the proceeds of the sale of the wheat crop for 1949, leaving a balance due the defendant in the sum of $2,500. It is alleged that plaintiffs failed and refused to pay the note out of the balance of the wheat crop due to the defendant, and defendant asked judgment against the plaintiffs in the sum of $2,500. Plaintiffs by their reply admit that it was agreed that defendant would pay the note in question out of his share of the 1949 wheat crop, but alleged that he failed and refused to do so. It alleged in substance that the joint operating agreement was different from that alleged by the defendant.

In the reply plaintiffs alleged that they agreed to furnish all necessary farm machinery and equipment and to supply any labor in addition to that of defendant necessary to properly carry out the project; that in consideration therefor plaintiffs were to receive seventy-five percent of the profits and the defendant the remaining one-fourth; that the farm equipment should be depreciated twenty percent of the cost annually by deducting the same from the gross receipts of the farming operations; that after the 1949 crop was harvested and placed in the grain elevator for storage, defendant without the knowledge and consent of the plaintiffs, or either of them, sold his entire share, but failed and refused to pay the note in question. The cause was tried to the court sitting with a jury, resulting in a verdict in favor of the defendant. The verdict was in the following form:

"We, the Jury selected to try the issues in the above entitled cause of action, find the issues in favor of the Defendant, and against the Plaintiffs."

This then was written in, in longhand, and signed by the foreman of the jury. "Find for defendant the amount of $2,500 for his share of the depreciation of the farm machinery less the note of $1,850, and the release of the attachment on Carter's bank account."

The court entered judgment in favor of the defendant in the sum of $650. Plaintiffs' motion for a new trial was denied, and they have appealed from the judgment. They assign as error the court's refusal to grant them a continuance of the trial. The record shows that a motion for continuance was made on the day of the trial, which was March 16, 1953. Such motion was supported by the affidavit of H. G. Young, attorney for plaintiffs. In his affidavit, he alleged that the trial was originally set for March 10th, and that upon plaintiffs' motion it was postponed until Cause No. 5911 had been tried or disposed of; that Cause No. 5911 was set for trial on March 16th; that upon the afternoon of the 13th of March, the court advised Mr. Young that Cause No. 5911 had been postponed for the term, pending

a settlement, and immediately upon receipt of this advice from the court affiant caused subpoenas to be issued for his witnesses to appear on March 16th at 10:00 o'clock a. m. On that same day, he delivered the subpoenas to the sheriff of Rosebud County for service. One of the witnesses was W. G. Nugent, whose residence was at Ashland, Montana; that upon the evening of March 15th, the sheriff advised affiant that Nugent was absent from Ashland and was in Rapid City, South Dakota; that affiant was advised that Mr. Nugent would not return to Ashland until the afternoon of March 17th; that he had talked with Nugent several days previously, and from this consultation states that Nugent is a material witness for plaintiffs and necessary for the establishment of vital issues framed by the pleadings; that, if present, Nugent would testify substantially as follows: That he is acquainted with defendant; that during the years 1947 and 1948, Nugent was operating the bar which was known as the Lariat Bar on Main Street in Forsyth; that during the years 1947 and 1948, while Nugent was attending bar at his saloon, defendant, J. W. Carter, while a patron, frequently and at various times, the exact times of which are to Nugent unknown, stated to him that he had a farming contract with plaintiff Dean, and that under the contract he was to receive as his part of the proceeds of the wheat crops, one fourth and Dean was to receive three-fourths.

The affidavit recites that it was made in good faith, and not for the purpose of delay, but that plaintiffs might have the benefit of vital evidence necessary to their cause of action; that affiant has been advised by the sheriff of Rosebud County that Mr. Nugent would return to Ashland upon the afternoon of March 17th; that affiant also talked with the witness, Velma L. Nugent, wife of W. C. Nugent, upon the evening of March 15th and was informed by her that W. C. Nugent would return to Ashland upon the afternoon of March 17th.

The motion was based upon R.C.M. 1947, section 93-4910. No affidavits were submitted in opposition to that supporting the motion. Neither did the defendant take advantage of the latter

part of that section, by admitting that such evidence might be considered as having been given on the trial in order to prevent a postponement of the trial.

The court in ruling upon the motion for a continuance stated that it was denied on the ground that no sufficient showing had been made to show diligence in securing the witness. The matter of granting or refusing a continuance is generally within the discretion of the trial court. Daly v. Swift & Co., 90 Mont. 52, 300 Pac. 265.

In 17 C.J.S., Continuances, section 46, page 223, the general rule is stated that whether or not a continuance shall be granted is a question resting largely in the discretion of the court, but the author goes on to state, ''It is an abuse of discretion, however, to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, and the evidence is material and due diligence is shown, and the opposite party refrains from making such admissions as will obviate a continuance.'' A long list of cases is there cited in support of the statement. The rule is recognized also in the later cases of Pauley v. Salmon River Lumber Co., 74 Idaho 483, 264 Pac. (2d) 466, and Hays v. Viscome, 122 Cal. App. (2d) 135, 264 Pac. (2d) 173, 39 A.L.R. (2d) 1435. See, also, 12 Am. Jur., Continuances, section 23, page 464, section 28, page 469.

The court abused its discretion in not granting a continuance. The affidavit shows it was made in good faith, the absent witness could have been procured in about two days time and no one disputed the fact that his testimony was material upon one of the vital points raised by the pleadings. It also shows that due diligence was used by plaintiff to procure the witness after the court fixed the date of the trial. The rule is that liberality should be exercised in the granting of continuances. Canal Oil Co. v. National Oil Co., 19 Cal. App. (2d) 524, 66 Pac. (2d) 197 ; Capital National Bank of Sacramento v. Smith (International Metals Development Co. v. Smith) 62 Cal. App. (2d) 328, 144 Pac. (2d) 665.

Defendant points out that the case was originally set for trial on March 10th, and that plaintiffs did not subpoena the witness Nugent to appear on that day.

The record shows that on March 10th, plaintiffs obtained a continuance because of the fact plaintiff, Walter B. Dean, Jr., was sick and confined to his bed under the advice of his doctor.

This fact was shown by affidavit of counsel as well as by a certificate of the doctor. There would have been no point in subpoenaing the witness Nugent to appear in court as a witness on March 10th because plaintiffs and their counsel had every reason to believe that the case would not proceed to trial on the day when Mr. Dean, the principal party plaintiff, was confined in bed and unable to be present in court. Furthermore, the test to apply now is whether plaintiffs used due diligence to obtain the witness for the trial on March 16th, and not whether they should have subpoenaed him for the trial on March 10th.

Where, as here, it is shown that the absent witness maintained his residence in the county where the trial was to be held, and where there is no showing that plaintiffs had any reason to anticipate that he might leave the state, and where a subpoena was issued promptly upon learning of the time when the case was set for trial, it cannot be said that plaintiffs did not use due diligence in securing the witness; and this even though had they subpoenaed the witness for the March 10th trial they might have learned of his absence from the state in time to take his deposition or to arrange for his presence on March 16th.

Since the witness planned to be at his home within two days after the trial, it was an abuse of discretion to refuse a continuance for two days even though this was a second application for a continuance. The first one, as above noted, having been granted because of the sickness of the principal party and the second being based upon the absence of an important witness.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, BOTTOMLY, and ADAIR, concur.