No. 12633

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

———————————

THE STATE OF MONTANA, ACTING BY
AND THROUGH THE STATE HIGHWAY
COMMISSION OF THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

JOHN R. COOPER and DONNA C. COOPER,
husband and wife, THE FEDERAL LAND BANK
OF SPOKANE, and CLYDE J. SULLIVAN and
MARY E. SULLIVAN, husband and wife,

Defendants and Respondents.

———————————

Appeal from: District Court of the Sixth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

K. M. Bridenstine argued, Helena, Montana
Harry Alley appeared, Helena, Montana

For Respondents:

Corette, Smith and Dean, Butte, Montana
Kendrick Smith argued, Butte, Montana
Dolphy O. Pohlman, Jr. argued, Butte, Montana

———————————

Submitted: March 20, 1974

Decided: APR 18 1974

Filed: APR 18 1974

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the State Highway Commission from a judgment rendered pursuant to a jury verdict in an action in eminent domain brought in the district court of Sweet Grass County, Judge Nat Allen presiding. The State instituted the action to condemn 12.6 acres of respondents' land for construction of a county secondary road of .9 miles in length. The judgment awarded the sum of $13,000 for the land acquired plus $27,050 for depreciation to the remainder and is appealed following the trial court's denial of a motion for a new trial.

The acreage taken by the State from respondents consisted of mixed grazing and hay land and cabin sites along the river. The road in question is known as the Boulder River McLeon Road, a county road, and the project was to tie in two segments of the county road. The acquisition tract is a strip of land some 170' in width and .9 miles in length. Part of the construction involved irrigation laterals and canals with culverts and a bridge over the west fork Boulder River.

The respondent, Sullivan, owned the land involved using it in connection with several thousand other acres as part of his cattle business. He has been in the cattle business in Montana for 40 years, operating several ranches prior to acquiring his present ranch for raising purebred cattle in 1968. The animal unit capacity of the ranch prior to the State's acquisition was approximately 200 head. Sullivan testified that the loss of the 12.6 acres of land when figured on a basis of loss of hay alone in annual units would come to approximately $22,680, plus the river frontage lot depreciation loss of some $31,680.

In preparing for the trial the State elected to go with just one appraiser, James Brown, who had done their appraisal work in the Sweet Grass area. On Friday, with the trial set for Monday,

the State was notified by Brown's doctor that Brown was suffering from a serious eye disease (glaucoma) and would not be able to testify. Suitable affidavits and motions were prepared and filed and on Monday at the trial the State requested a continuance until another appraisal could be made. This request was refused but an agreement was made between counsel of both sides that Bridenstine, appellant's counsel, could read Brown's testimony to the jury and could explain said testimony by referring to a list of "comparative sales", maps and photographs all prepared or taken by Brown. In addition the State was allowed to update Brown's figures and offer more compensation than was in his original report. In addition two witnesses employed by the State testified, one, Dennis Williams, division construction engineer, and James T. Sullivan, a former division engineer. Williams was called as an adverse witness by respondents and he testified as the State's surrebuttal witness.

Three value witnesses testified in the case, two for respondent and one for the State. Clyde Sullivan, the owner and respondent, testified that the total just compensation was $129,320; Norm Starr gave the figure of $127,316; and Brown's figure was $15,101.83. The jury verdict was for the landowners at $40,050. The breakdown of that verdict was $13,000 for the 12.6 acres taken and $27,050 for depreciation.

At the close of the case for the State counsel asked the court to arrange for a jury view of the land to be taken and after questioning the jury, most of whom knew the land in question, the court denied the State's request.

Four issues are presented for our consideration:

(1) The court abused its discretion by refusing plaintiff's motion for continuance for the reason plaintiff's only expert value witness could not attend the trial for health reasons, and that this

- 3 -

prevented plaintiff from having a fair trial of the merits of this cause;

(2) The verdict is the result of passion and prejudice for defendants and against plaintiff, brought about by absence of a value witness on the part of plaintiff;

(3) The court improperly denied plaintiff's motion for view of the premises in the absence of a value witness on the part of plaintiff; and

(4) The court abused its discretion in refusing to grant a new trial to plaintiff.

We find no merit to issue one. The controlling statute, section 93-4910, R.C.M. 1947, governs the postponement or the continuation of a trial.

> "Motion to postpone a trial for absence of testimony requisites of. A motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain, and if the adverse party thereupon admits that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be postponed; and upon terms the court may, in its discretion, upon good cause shown, and in furtherance of justice, postpone a trial or proceeding upon other grounds than the absence of evidence."
> (Emphasis supplied.)

As noted in the underlined sections of the statute this is a discretionary statute, and in view of the full and complete admission, without cross-examination by defendant, made by the respondents we find no abuse of the trial court's exercise of that power. This case began in July 1970 and almost 3 years passed before the date of trial was set in May, 1973. This is a rural county where trial calendars are kept at a minimum, and with an out of district judge called to sit, with the jury on hand that Monday and the admissions in Brown's testimony, in our opinion

- 4 -

the State suffered no prejudice in the denial of a continuance.

The appellant State relies heavily on our holding in Dean v. Carter, 131 Mont. 304, 309 P.2d 1032. The Court in Dean did reverse and grant a new trial, but the case is not the factual situation we have here. There the adverse party would not allow the admittance of the evidence, as was done here.

This Court in a number of opinions has interpreted section 93-4910, R.C.M. 1947, and in each we have looked at the circumstances in considering whether or not there has been an abuse of discretion. See Orem v. Hansen Packing Co., 91 Mont. 222, 7 P.2d 546; Adams v. Misener, 113 Mont. 559, 131 P.2d 472; Ward v. Strowd, 76 Mont. 93, 244 P. 1007.

The next issue raises the question of whether the verdict is the result of passion and prejudice directed against the highway department. Was it a hometown decision as charged? We think not! Contrary to defendant's argument in brief, rural small counties are not the most liberal areas for dispensing governmental largess. Involved here was a taking that complicated the use of respondents' irrigation system, winter feeding and hay crop. A rural jury heard the evidence and in all probability understood its totality of impact on the ranch operations far better than a jury composed of urban members. However that may be we find the State argument has not demonstrated any passion or prejudice and as a matter of fact the jury awarded damages closer to the State's figure than to the respondents. We find this issue without merit.

We next consider whether the trial court erred in denying the State's request for the jury to view the land involved. The appellant State argues that under the particular circumstances of the case it was of great import that the jury view the premises, particularly in view of the testimony, as it concerned the culverts, bridges, irrigation canals and the river area. In support of its

position the appellant cites and relies on the holding of this Court in the cases of State v. Lee, 103 Mont. 482, 63 P.2d 135, and State v. Bradshaw Land Etc. Co., 99 Mont. 95, 43 P.2d 674. See also Clark v. Worrall, 146 Mont. 374, 406 P.2d 822; Puetz v. Carlson, 139 Mont. 373, 364 P.2d 742. Appellant acknowledges that both of the cases cited set forth the principle that allowing the jury to view the premises is discretionary and in view of the evidence submitted at trial we find no error in the court's denial of appellant's motion. Ten of the jury, when asked whether they were familiar with the property, answered in the affirmative. In addition, the jury had before them the exhibits, which showed: a right-of-way map; nineteen photographs of the property; and an enlarged aerial photograph.

All of these exhibits were effectively used by counsel on both sides of the case and the jury indicated that it thoroughly understood the fact problem in the case. We do not believe that the two cases above cited are applicable to this case and find no merit to this issue.

The last issue raised the question of whether the trial court abused its discretion in refusing to grant a new trial to the State. We have carefully reviewed all the evidence and exhibits of the case and find no abuse of discretion.

Finding no reversible error, the judgment is affirmed.

_____
                                          Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 6 -