No. 89-439

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

MICHAEL McGINLEY,

        Plaintiff and Appellant,

    -vs-

OLE'S COUNTRY STORES, INC.,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Edward McLean, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Christopher Daly, Missoula, Montana
        Bruce Barrett, Missoula, Montana

    For Respondent:

        Paul C. Meismer; Garlington, Lohn & Robinson,
        Missoula, Montana

FILED

JAN 3 0 1990

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

    Filed:

_____

Submitted on Briefs:  Nov. 21, 1989

Decided:  January 30, 1990

_____
Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Fourth Judicial District, Missoula County, awarding respondent costs. Subsequent to a jury trial and verdict in favor of respondent on May 8 and 9, 1989, respondent filed a memorandum of costs as set forth below:

```
Clerk's Fee:
     Appearance Fee            $   40.00
     Judgment Fee                  25.00
     Steno Fee                      3.00
                               $   68.00

Witness Fees:
     Laurel Kaysen            $   10.00
     Robert Bjornstad             10.00
     Mark Olson                   10.00
                               $   30.00

Deposition Expenses:
     Michael McGinley         $  282.00
     William A. Gromko, M.D.      248.00
                               $  530.00

Exhibits:
     Photographs used as
     Exhibits at trial, 5
     photos at $11.00 each    $   55.00
                               $   55.00
               TOTAL          $  683.00
```

Over appellant's objection to certain itemized costs, the District Court on June 8, 1989, issued an order awarding respondent all costs set forth above. Appellant appeals from that order. We reverse.

Appellant first contends the District Court erred in awarding respondent a witness fee for the appearance of Mark Olson who sat at counsel table as the defendant during the trial and testified as the sole stockholder of respondent corporation. Respondent

concedes this issue, therefore we need not address the substantive matters contained therein and thus reverse the order of the District Court.

Secondly, appellant cites as error respondent's recovery of costs for its deposition of him. The prevailing party may properly recover the costs of depositions. Section 25-10-201, MCA. However, when the purpose of the deposition is merely to assist the requesting party in compiling its case, the cost of that deposition is not taxable. Semenza v. Leitzke (Mont. 1988), 754 P.2d 509, 512, 45 St.Rep. 829, 832. The District Court thus erred in the instant case in awarding respondent its cost incurred in deposing appellant. We reverse.

Appellant's third specification of error is the lower court's award of costs to respondent for pictures taken at the accident site. Appellant contends these are not reasonable and necessary expenses within the meaning of § 25-10-201. We agree. In this case, the District Court denied respondent's motion requesting that the jury view the premises. The parties instead introduced photographic evidence of the site. It is in the discretion of district courts to permit jurors to view the physical location under consideration. State Highway Commission v. Cooper (1974), 164 Mont. 272, 277, 521 P.2d 190, 192. Thus photographs of the scene are not a "necessary" expense within the meaning of the statute. We reverse.

Lastly, appellant contends the District Court erroneously compelled it to pay respondent's costs incurred in transcribing Dr.

3

Gromko's audio-visual deposition. Rule 30(h), M.R.Civ.P. is dispositive of this issue:

> Any party may make at his own expense a simultaneous stenographic, audio record or tape recording of the deposition. Upon his request and at his own expense, any party is entitled to an audio-visual or tape recorded copy of the deposition. On motion the court, for good cause, may order the party taking, or who took, a deposition by audio-visual or by tape recording to furnish, at his expense, a transcript of the deposition.

Rule 30(h), M.R.Civ.P.

Although respondent provided transcriptions for use during viewing of the audio-visual deposition at trial, such does not rise to the level of good cause contemplated by Rule 30(h). Respondent obtained the transcription for its own use and convenience and as such must bear the cost of the same. We reverse.

Reversed.

_____
Justice

We concur

_____

_____

_____

_____
Justices