No. 87-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

WILLIAM AND KAREN SEMENZA,
            Plaintiffs and Appellants,

        -vs-

EARL LEITZKE, d/b/a/ LEITZKE
MOBILE HOME TRANSPORT AND SERVICE
            Defendant and Respondent

APPEAL FROM:    District Court of the First Judicial District
                In and for the County of Lewis and Clark,
                The Honorable Gordon R. Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Edmund F. Sheehy, Jr.; Cannon and Sheehy,
        Helena, Montana

    For Respondent:

        C. J. Seifert; Gough, Shanahan, Johnson and Waterman,
        Helena, Montana
        Holly J. Franz; Gough, Shanahan, Johnson and Waterman,
        Helena, Montana

                        Submitted on Briefs:   March 3, 1988

                            Decided:    May 5, 1988

Filed: MAY 5 - 1988

_____
        Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

The plaintiffs, William and Karen Semenza, appeal the judgment of the District Court of the First Judicial District, Lewis and Clark County, entered in favor of the defendant. We affirm in part and reverse in part.

On March 17, 1984, the Semenzas' and Earl Leitzke entered into an oral contract in which Leitzke agreed to move and block a mobile home for the Semenzas' for $200; $100 to move the home and $100 to block it. Leitzke completed the blocking and leveling procedure. He testified that he informed the Semenzas' that the ground was soft and unstable and could lead to problems. The Semenzas' deny that Leitzke said anything about the quality of their homesite.

In early May the Semenzas' began having trouble with their trailer that indicated it was not level. The Semenzas' contacted Leitzke who came out and rejacked and releveled the trailer.

During the summer Mr. Semenza built a skirting frame around the base of the trailer. Once again in November the Semenzas began having problems that demonstrated that the trailer was not level. In December they contacted Leitzke who performed no more work but informed the Semenzas that their problems were a result of frost heaving the skirting frame against the bottom of the trailer. This was Leitzke's last visit to the Semenzas' trailer.

In January the Semenzas' hired another mobile home service, Algra's, to work on the trailer and in February of 1985 they hired Four Seasons Mobile Home Service to do further work. The issues presented for review are:

1. Whether the District Court erred in answering a jury question submitted to the court after the jury had begun their deliberations?

2. Whether the District Court erred in preventing the jury from considering the Semenzas' claim for breach of the covenant of good faith and fair dealing and negligent infliction of emotional distress?

3. Whether the District Court erred in allowing deposition costs to the prevailing party, Earl Leitzke?

ISSUE I

After the jury began deliberating, they presented a question to the District Court: "Does the law state how long a contract (oral) is legal and binding?" Counsel for both parties participated in determining the proper answer. The jury was presented with this answer: "There is no statute that defines how long an oral contract is binding. It depends on the provisions of the contract itself, or, in the absence of such provisions, it depends on the intent of the parties."

The plaintiffs contend that they suffered substantial injustice because the answer was given after the jury began deliberating and the Semenzas' were denied the opportunity to argue the issue before the jury. They contend that there was no evidence to support the answer given to the jury and that the court should have answered the jury's question with a simple "no". The Semenzas' rely upon Simonson v. White (Mont. 1986), 713 P.2d 983, 43 St.Rep. 133, as authority for their position. In Simonson the jury posed a question of the court after they had begun deliberating. The court responded by instructing the jury on an issue that was not presented at trial. This Court reversed stating ". . . since White was denied the opportunity to argue that his conduct was not willful or wanton, it was error for the trial judge to later

3

amend the pleadings and the special verdict forms to allow the jury to consider that issue." Simonson, 713 P.2d at 987.

The present situation differs from the situation in Simonson. Section 25-7-405, MCA, provides the proper procedure to be followed when a jury submits a question to the court after it has begun deliberating:

> After the jury has retired for deliberations, if there be a disagreement among the jurors as to any part of the testimony or if they desire to be informed of any point of law arising in the cause, they may require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of or after notice to the parties or counsel. Such information must be given in writing or taken down by the stenographer.

The District Court properly followed these procedures. Unlike the case in Simonson, the District Court's answer did not insert a new theory or defense into the case. The issue of whether Leitzke performed or breached the oral contract by making no further repairs in December was already before the court. The Semenzas suffered no substantial injustice. Affirmed.

## ISSUE II

At the end of the Semenzas' case in chief, Leitzke moved for a directed verdict on the implied covenant of good faith and fair dealing claim and the claim for damages for emotional distress. The District Court directed the verdict for both causes of action.

The standard for reviewing a directed verdict was articulated in Cremer v. Cremer Rodeo Land & Livestock Co., (1979), 181 Mont. 87, 592 P.2d 485, "'the test commonly employed to determine if the evidence is legally sufficient to withdraw cases and issues from the jury is whether reasonable men could draw different conclusions from the evidence.

4

(Citations omitted.) If only one conclusion is reasonably proper, then the directed verdict is proper.'" Cremer 592 P.2d at 488, (quoting Sant v. Baril (1977), 173 Mont. 14, 566 P.2d 48).

In Parini v. Lanch (1966), 148 Mont. 188, 191, 418 P.2d 861, 863, this Court held "[a] directed verdict may be granted when the evidence is so insufficient in fact as to be insufficient in law." In granting the directed verdict the District Court held that there was no evidence to support a claim for breach of the implied covenant of good faith and fair dealing. We agree with the District Court.

The Semenzas' also argue that the District Court erred by not instructing the jury on their claim for emotional distress damages. Johnson v. Supersave Markets (Mont. 1984), 686 P.2d 209, 41 St.Rep. 1495, articulated the requirements for recovery for negligent infliction of emotional distress. "In determining whether the distress is compensable absent a showing of physical or mental injury, we will look to whether tortious conduct results in a substantial invasion of a legally protected interest and causes a significant impact upon the person of plaintiff." Johnson, 686 P.2d at 213 (emphasis in original). Here the Semenzas' failed to establish a legally protected interest. They rely upon French v. Ralph E. Moore, Inc. (1983), 203 Mont. 327, 661 P.2d 844, to attempt to establish a legally protected interest in "a safe and comfortable home." However, the wrong done in French was not merely negligence but trespass to property. Affirmed.

ISSUE III

The District Court entered a $950.35 judgment on behalf of Earl Leitzke, including $911.35 in deposition costs. The Semenzas' claim that Leitzke is not entitled to the $911.35 for deposition costs. The Semenzas' argue that the

5

depositions were taken simply for the purpose of discovery and were not used in lieu of witness testimony or for impeachment, thus their cost is not recoverable.

Deposition costs may be recovered by the prevailing party when the deposition is used at trial. Section 25-10-102, 201(2), MCA, Cash v. Otis Elevator Co. (Mont. 1984), 684 P.2d 1041, 41 St.Rep. 1077. Use at trial encompasses use for impeachment or as evidence. Gee v. Egbert (Mont. 1984), 679 P.2d 1194, 41 St.Rep. 515. However, deposition costs may not be recovered if a deposition is taken solely for the party's own convenience. Morrison-Maierly, Inc. v. Selsco (1980), 186 Mont. 180, 606 P.2d 1085. "Our examination of record indicates that the depositions taken in this cause were in all cases for the purpose and convenience of the deposing party in marshaling their respective cases. Therefore the costs for such depositions must be borne by the deposing party (citation omitted). Costs may be allowed against the losing party by the District Court only for such depositions as were used as evidence at the trial, or for purposes of impeachment during the trial." Gee, 679 P.2d at 1204.

An examination of the record in this case reveals that only the depositions of Gregary Thackery, Robert McKenna, and William Semenza were used for impeachment, thus costs may be recovered for only those depositions. Clearly the deposition used to refresh Leitzke's memory by his own attorney was not used or introduced as evidence at trial; nor was it used for purposes of impeachment. We affirm Issues I and II and reverse and remand Issue III for proceedings in accordance with this opinion.

_____
Justice

6

We concur:

_____
            Chief Justice

_____

_____

_____

_____
        Justices


Mr. Justice John C. Sheehy, deeming himself disqualified, did not participate.

7