No. 89-285

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

TED J. DAY and DORIS D. DAY,

        Plaintiffs, Appellants and Respondents,

   -vs-

MONTANA POWER COMPANY,

        Defendant, Appellant and Respondent.

_____

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Arthur W. Ayers, Jr. argued and Michael G. Alterowitz
argued; Ayers & Alterowitz, Red Lodge, Montana   (Day)

    For Respondent: (Appellant)

        Patrick T. Fleming argued and Robert T. O'Leary argued,
Montana Power Co., Butte, Montana

Submitted:  December 12, 1989

Decided:  March 20, 1990

Filed:

_____
Clerk

fair dealing, lost profits and for Doris Day's physical injury and suffering. The District Court permitted Days to amend their complaint and base their punitive damage claim on MPC's negligence in violating provisions of the Natural Gas Pipeline Safety Act of 1968, 49 U.S.C. § 1671 (1982).

Days moved to compel discovery of MPC's claim file arguing that the file lacked the status of a privileged communication. Subsequent to hearing on the matter, the District Court ruled in favor of MPC. Several months later, Days requested the issuance of subpoenas duces tecum to C.J. Woods and Byron Mazurek respectively. Both were employed by MPC in its Claims Department. The subpoenas demanded production of all "memoranda, reports, letters, photographs, sketches, interviews, written estimates or evaluations and all other documents or copies thereof" prepared in relation to the fire at TJ's. Upon MPC's failure to produce a report prepared by Byron Mazurek, Days moved that MPC be held in contempt. The District Court denied the motion.

On December 2, 1988, the jury returned a verdict awarding the Days $350,000 for the destruction of the restaurant building, its contents, lost profits and related expenses; $25,000 to Doris Day for physical injury and suffering; and $450,000 to Ted Day for emotional distress, nervous shock and mental anguish. The jury

3

Justice Diane G. Barz delivered the Opinion of the Court.

A jury in the District Court for the Second Judicial District, Silver Bow County, awarded Ted and Doris Day damages resulting from a fire caused by the negligence of Montana Power Company's (MPC) employee. The jury awarded $350,000 to both Days for property destruction, $25,000 to Doris Day for personal injury and $450,000 to Ted Day for emotional distress. From this verdict, MPC appeals the $450,000 emotional distress award and Days cross appeal. We reverse in part and affirm in part.

In the process of installing underground electrical service to an adjacent structure, MPC employee Mark Dickhausen negligently ruptured a gas service line leading to TJ's Family Restaurant in Red Lodge. Natural gas migrated along the underground service line, accumulated in the restaurant and was later ignited, presumably by a pilot light. The resulting fire and explosion completely destroyed the restaurant owned by plaintiffs Ted and Doris Day.

In an action filed February 24, 1987, the Days claimed damages for destruction of property, emotional distress, nervous shock and mental anguish, loss of their established way of life, punitive damages based on MPC's violation of the covenant of good faith and

2

found the Days were not entitled to either punitive damages or damages for loss of their established way of life. Following entry of judgment, MPC moved for judgment notwithstanding the verdict, relief from judgment and reduction of award, all of which were denied by the District Court.

The following issues are raised on appeal and cross appeal:

1. Did the negligent act of MPC's employee substantially invade a legally protected interest of Ted Day thus justifying an award of damages for emotional distress?

2. If this Court adopts Restatement (Second) of Torts § 46 (1965), as the standard for recovery of emotional distress damages would Ted Day be entitled to the same?

3. Did Ted Day introduce sufficient evidence to sustain an award of damages for his emotional distress?

4. Did the District Court properly instruct the jury regarding apportionment of damages?

5. Did MPC waive its right to attack the jury award of $450,000 to Ted Day for emotional distress, and, if not, was such award grossly disproportionate to any detriment established at trial?

6. Did the District Court err in refusing to instruct the jury on MPC's possible violation of the Natural Gas Pipeline Safety

4

Act of 1968?

7. Did Days waive their right to attack the jury's refusal to award them damages for loss of their established way of life by failing to move for a new trial?

8. Did MPC waive its claim of privilege regarding the report prepared by Claims Representative Byron Mazurek thereby requiring production of such report?

9. Should Days' appeal be dismissed either because it is a conditional appeal or because Days failed to comply with the Montana Rules of Appellate Procedure?

The first group of issues concern the propriety of an award of emotional distress damages and related jury instructions. We will briefly review Montana law in this area. Although Montana has not yet recognized the tort of intentional infliction of emotional distress, this Court has indicated that "where [defendant's] conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . ." then it may allow recovery for the same. Frigon v. Morrison-Maierle, Inc. (Mont. 1988), 760 P.2d 57, 63-64, 45 St.Rep. 1344, 1352 (quoting Restatement (Second) of Torts § 46, Comment d (1965)). We have narrowly construed the tort of negligent

5

infliction of emotional distress. Versland v. Caron Transport (1983), 206 Mont. 313, 322-23, 671 P.2d 583, 588.

"Emotional distress under Montana law has been and remains primarily an element of damages rather than a distinct cause of action." Frigon, 760 P.2d at 63. By statute, plaintiffs may recover in tort actions "the amount which will compensate for all the detriment proximately caused [by the defendant's actions], whether it could have been anticipated or not." Section 27-1-317, MCA. In the matter of recovery for emotional distress absent physical injury, this Court has imposed an additional test: "[W]hether tortious conduct results in a substantial invasion of a legally protected interest and causes a significant impact upon the person of plaintiff. (Emphasis in original.)" Johnson v. Supersave Markets, Inc. (1984), 211 Mont. 465, 473, 686 P.2d 209, 213.

In Johnson we adopted both the reasoning of the Oregon Court of Appeals in Meyer v. 4-D Insulation Co., Inc. (Or. 1982), 652 P.2d 852, and the species of the case approach utilized by that court in order to allow emotional distress damages to stand where defendant violated plaintiff's constitutional rights. Johnson, 686 P.2d at 213. We note, however, that on facts substantially similar to those of the instant case, the Meyer court denied recovery for

6

emotional distress. Meyer sued 4-D Insulation claiming its negligent installation of insulation adjacent to a wood stove flue pipe ignited a fire resulting in damage to Meyer's home. Meyer, 652 P.2d at 853. Meyer alleged no physical injury and the Court of Appeals refused to permit recovery of emotional distress damages where "[p]laintiff . . . pleaded only negligently caused damage to his property. . ." Meyer, 652 P.2d at 857.

This Court has permitted plaintiffs to recover for their emotional distress as an element of damages in certain underlying actions: (1) private nuisance (French v. Ralph E. Moore, Inc. (1983), 203 Mont. 327, 661 P.2d 844); (2) violation of certain constitutional rights (Johnson, Stensvad v. Towe (Mont. 1988), 759 P.2d 138, 45 St.Rep. 1129); and (3) breach of the covenant of good faith and fair dealing (Gibson v. Western Fire Ins. Co. (1984), 210 Mont. 267, 682 P.2d 725; Dunfee v. Baskin-Robbins, Inc. (1986), 221 Mont. 447, 720 P.2d 1148; Safeco Ins. Co. v. Ellinghouse (1986), 223 Mont. 239, 725 P.2d 217).

Mr. Day's claim does not fall within any of the above categories. The instant case is analogous to Semenza v. Leitzke (Mont. 1988), 754 P.2d 509, 45 St.Rep. 829. Semenzas sought recovery of emotional distress damages when Leitzke allegedly improperly installed their mobile home. Semenza, 754 P.2d at 510.

7

This Court affirmed the lower court's directed verdict in favor of Leitzke, stating:

> [T]he Semenzas failed to establish a legally protected interest. They rely upon French v. Ralph E. Moore, Inc. (1983), 203 Mont. 327, 661 P.2d 844, to attempt to establish a legally protected interest in "a safe and comfortable home." However, the wrong done in French was not merely negligence but trespass to property.

Semenza, 754 P.2d at 511-12.

We decline to extend recovery for emotional distress damages to cases where the defendant negligently damages or destroys real property and the plaintiff suffers no physical injury. MPC negligently destroyed the Days' restaurant and Days received adequate compensation for that destruction. We therefore reverse the award of damages for emotional distress to Ted Day. We need not address the issues of sufficiency of the evidence, apportionment of damages, related jury instructions or any waiver of MPC's right to attack the jury verdict.

We have adopted only comment j to Restatement (Second) of Torts § 46 (1965), defining severe emotional distress. First Bank (N.A.) v. Clark (Mont. 1989), 771 P.2d 84, 91, 46 St.Rep. 291, 299. Section 46 concerns the tort of intentional infliction of emotional distress which we have not yet recognized as a cause of action.

8

Days' next specification of error concerns the District Court's refusal to give certain of their proffered instructions regarding punitive damages. Days contend that MPC violated provisions of the Natural Gas Pipeline Safety Act of 1968, 49 U.S.C. § 1671 (1982), and that such violations constituted presumed malice thus entitling Days to punitive damages. Specifically, Days maintain MPC failed to properly odorize gas transported through its pipelines, failed to prepare a written emergency program and lacked adequate emergency communication facilities. The District Court refused these instructions based on a lack of sufficient supporting evidence.

Although Days introduced limited evidence regarding each claimed violation for none of the alleged infractions was the evidence sufficient to support a jury determination that the statute in question was violated. "This Court has held that instructions not supported by the evidence need not be given." Mydlarz v. Palmer/Duncan Const. Co. (1984), 209 Mont. 325, 347, 682 P.2d 695, 706. We affirm the District Court's refusal to give instructions related to MPC's alleged violations of the Natural Gas Pipeline Safety Act.

Days contend the jury erroneously failed to award them damages for loss of their established way of life. We affirm. Although

9

confronted with conflicting evidence, the jury had more than sufficient evidence upon which to base its denial of an award for loss of established way of life. Ted Day testified that the restaurant never did more than break even since it was purchased in 1984, and that the Days paid their living expenses out of the monthly payments they received from the sale of the Red Lodge Cafe. Evidence showed that TJ's Restaurant lost $43,000 in 1985 and $10,667 in 1986 up until the time of the explosion. The Days never received a salary the entire time the restaurant was operating although Doris testified she frequently worked 12 hour days.

Both Days testified that for a short period after the explosion, they were employed by a restaurant and casino in Red Lodge. Ted Day's doctor testified that because of his pre-existing heart condition and high blood pressure, Ted Day should not work in the restaurant business. Because we affirm the jury verdict denying damages for loss of established way of life, we need not address the issue of whether Days waived their right to attack the jury verdict by failing to move for a new trial.

Days next contend MPC waived its claim of privilege regarding the report prepared by its employee Byron Mazurek and contained within its claim file. This claim is based upon MPC's production of the remainder of the file. Because MPC produced all portions

of the file except the report, Days argue this constitutes a waiver as to the report pursuant to Rule 503(a), Mont.R.Evid.  Rule 503(a) states:

> A person upon whom these rules confer a privilege against disclosure waives the privilege if he or his predecessor while the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter.

MPC contends the only significant portion of the file was the report and that its release of other materials contained within the file did not constitute waiver of its privilege.  We agree.  We would also note that counsel for the Days attempted to compel production of this document during discovery at which time the District Court ruled it was privileged.  Counsel for appellants later sought to obtain the document through the use of a subpoena duces tecum.  While the record does not clearly reflect impropriety on the part of counsel, we will not assist in this attempt at back door discovery by reversing the order of the District Court.

Having previously denied appellant's motion to dismiss respondents' cross appeal, we decline reconsideration of this issue.

We reverse the award of emotional distress damages to Ted Day. We affirm the District Court's refusal to instruct the jury on alleged violations of the Natural Gas Pipeline Safety Act, the

11

jury's refusal to award damages for loss of established way of life and the lower court's ruling that MPC did not waive its claim of privilege with regard to Byron Mazurek's report.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

12

Justice John Conway Harrison dissenting.

As noted in the majority opinion:

> This Court has permitted plaintiffs to recover for their emotional distress as an element of damages in certain underlying actions: (1) private nuisance (French v. Ralph E. Moore, Inc. (1983), 203 Mont. 327, 661 P.2d 844); (2) violation of certain constitutional rights (Johnson, Stensvad v. Towe (Mont. 1988), 759 P.2d 138, 45 St.Rep. 1129); and (3) breach of the covenant of good faith and fair dealing (Gibson v. Western Fire Ins. Co. (1984), 210 Mont. 267, 682 P.2d 725; Dunfee v. Baskin-Robbins, Inc. (1986), 221 Mont. 447, 720 P.2d 1148; Safeco Ins. Co. v. Ellinghouse (1986), 223 Mont. 239, 725 P.2d 217).

The majority also found that Mr. Day's claim did not fall within any of the above categories. With this holding I must disagree.

In Johnson v. Supersave Markets, Inc. (1984), 211 Mont. 465, 473, 686 P.2d 209, 213, we noted:

> This Court adopts the species of case approach which requires a factual analysis of each case to determine whether the alleged "emotional distress" merits compensation. In determining whether the distress is compensable absent a showing of physical or mental injury, we will look to whether tortious conduct results in a substantial invasion of a legally protected interest and causes a significant impact upon the person of plaintiff. (Emphasis in original.)

In French, we found that the substantial invasion of a legally protected interest includes injury to real property. In Gibson, we found that there was no impact, except to a medical doctor's business, and was a property interest and not a personal interest.

13

In the case at bar, plaintiffs' property suffered serious damage which was caused by the defendant's negligence. The defendant clearly recognized the seriousness of the property damage when ordered to pay a judgment for that damage. I would hold that the right to be secure in one's person, papers, and property is a legally protected interest without distinction as to the type of interest involved.

I cannot find it proper that the right to possess property without interference, or the right to pursue a lawful business, are not property rights legally protected both by the United States and Montana Constitutions. The right to pursue a lawful business is, in my opinion, a property right within both the Fifth and the Fourteenth Amendments of the Constitution and was so found in the case of United States v. Tropiano (1969), 418 F.2d 1069, 1075-76. Articles II and III of our Montana Constitution lists as one of those inalienable rights the right to "acquire, possess, protect property."

This Court was correct in the cases set forth above. The facts of this case show actual physical presence of the plaintiffs at the explosion and demolition of their restaurant. This, in my opinion, is a sufficient basis to allow Mr. Day's recovery of emotional distress damages.

The Days were clearly entitled to damages for destruction of their property, emotional distress, nervous shock, mental anguish, and loss of their established way of life all due to the

14

defendant's negligence.

I would affirm the jury's award to Mr. Day for emotional distress.

_____
Justice

Justice John C. Sheehy, and Justice William E. Hunt, Sr., join in the foregoing dissent of Justice John C. Harrison.

_____
Justice

_____
Justice

15