JUSTICE TRIEWEILER,
specially concurring:
I concur in the result achieved by the majority’s opinion. However, I would arrive at the same conclusion for different reasons.
Plaintiff sought two separate types of damages in the District Court. He sought damages for the decedent’s emotional distress, which he alleged was negligently caused prior to decedent’s death, and he sought damages which resulted because of decedent’s death. Both claims were dismissed based on lack of foreseeability. However, plaintiff raised two issues on appeal:
1. Whether an FELA claimant may recover damages for emotional *493 injuries which are negligently inflicted, even though there is no physical injury or threat of physical harm; and
2. Whether he had offered sufficient evidence on the issue of foreseeability to overcome defendant’s motion for summary judgment.
Because plaintiff’s action was brought pursuant to the Federal Employers’ Liability Act, the conduct which gives rise to a cause of action and the nature of damages recoverable are controlled by federal statutes and case law.
The only case law cited by either of the parties which appears to clearly allow recovery for negligent infliction of emotional distress is Buell v. Atchison, Topeka & Santa Fe Ry. Co. (9th Cir. 1985), 771 F.2d 1320, 1324. However, Buell was reversed by the United States Supreme Court in Atchison, Topeka & Santa Fe Ry. Co. v. Buell (1987), 480 U.S. 557, 107 5.Ct. 1410, 94 L.Ed.2d 563. Plaintiff has cited this Court to no federal decisional law since reversal of the Buell decision, which clearly allows recovery for the negligent infliction of emotional distress absent infliction of physical harm to the plaintiff.
Montana has allowed recovery for negligent infliction of emotional distress under limited circumstances which are not present in this case. Versland v. Caron Transport (1983), 206 Mont. 313, 322- 23, 671 P.2d 583, 588. However, we have been reluctant to extend the cause of action beyond those circumstances described in Versland. Day v. Montana Power Co. (1990), 242 Mont. 195, 789 P.2d 1224.
While there may be sound public policy arguments for extending the circumstances under which a cause of action for negligent infliction of emotional distress may be presented, I do not believe that the railroad workplace is the place to begin, absent some authority from the federal decisions or statutes.
I would affirm the District Court’s judgment dismissing that part of plaintiff’s claim which relates to the decedent’s suicide based on the following general rule set forth in Krieg v. Masse (1989), 239 Mont. 469, 781 P.2d 277:
“The general rule, as relied upon by the District Court, in the area of civil liability for suicide is that ‘[n]egligence actions for the suicide of another will generally not lie since the act or suicide is considered a deliberate intervening act exonerating the defendant from legal responsibility ...’ 41 ALR 4th, 353. Prosser and Keeton on Torts § 44 at 280-81 (4th ed. 1971); McPeake v. Cannon Esquire, P.C. (1989), 381 Pa. Super. 227, 553 A.2d 439; McLaughlin v. Sullivan (1983), *494 123 N.H. 335, 461 A.2d 123. We expressly adopt this rule.”
Krieg, 239 Mont. at 472-73, 781 P.2d at 279.
The plaintiffs sought to survive summary judgment by coming within the following exception to the general rule:
“a. [WJhere the defendant’s tortious act causes a mental condition in the decedent that proximately results in an uncontrollable impulse to commit suicide or that prevents the decedent from realizing the nature of his act...”
Krieg, 239 Mont. at 471, 781 P.2d at 278.
However, there was no substantial evidence in this record that decedent took his life because of a mental condition caused by defendant’s tortious act. The tortious act alleged by plaintiff was defendant’s failure to supervise the work site to which plaintiff’s decedent was confined. However, there was no evidence that that lack of supervision contributed in any way to the mental condition which resulted in decedent’s suicide. In fact, the evidence, including decedent’s medical records and the history reconstructed by the plaintiff’s own consultants, indicates that the mental condition which led to decedent’s suicide was caused by notice to him that he was being transferred to a new location where he would be apart from his parents and without friends.
Furthermore, decedent’s suicide did not occur at the work place. It occurred in a remote area near Missoula after he had been discharged from the care of professional psychologists or psychiatrists. Had there been indications of despondency or depression while at work which could have been detected by closer supervision, nothing more could have been expected from defendant than a referral to the health care professionals who ultimately saw and treated decedent shortly before his suicide. Therefore, I would conclude that decedent’s suicide was a deliberate intervening act exonerating defendant from legal responsibility for decedent’s death, and on that basis affirm the District Court.