No. 96-597

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

CLARA LIEDLE,

Plaintiff, Appellant, and Cross-Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois corporation,

Defendant, Respondent, and Cross-Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Bruce E. Lee, Attorney at Law, Billings, Montana

For Respondent:

Lyman H. Bennett, III; Sedivy, Bennett & White;
Bozeman, Montana

Submitted on Briefs: May 15, 1997

Decided: June 11, 1997
Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

On October 25, 1994, Clara Liedle filed a claim against State Farm Mutual Automobile Insurance Company upon her automobile insurance contract with State Farm for underinsured motorist coverage with regard to injuries sustained by her in an automobile accident. A jury trial was held on January 16, 1996. The jury returned its Special Verdict finding Liedle's damages in the sum of $83,359. The Eighteenth Judicial District Court, Gallatin County, reduced this verdict by $25,000 in insurance proceeds which Liedle had received from the tort-feasor's liability insurer, and $50,000 already paid by State Farm pursuant to a separate policy of underinsured motorist coverage in that amount. The District Court then reduced the jury's award by medical pay benefits which Liedle had received from State Farm pursuant to the collateral source reduction statute, 27-1-308, MCA. Liedle's net jury award was thus reduced to zero. Liedle appeals the reduction of the jury award by the medical pay insurance benefits received. State Farm cross-appeals the District Court's award of costs to Liedle for the deposition of Dr. Kurtz. We affirm.

The issues on appeal are:

1. Did the District Court err by applying the collateral source reduction statute, 27-1-308, MCA, to reduce the jury's verdict by benefits paid to Liedle pursuant to medical pay coverage?

2. Did the District Court err in permitting, as an allowable cost to Liedle, the cost of a copy of the deposition transcript of Dr. Kurtz, recognizing that the cost of the original transcript of the deposition was paid by State Farm?

FACTUAL BACKGROUND

On May 22, 1992, Clara Liedle was injured in an automobile accident when her automobile was rear-ended by a vehicle driven by Kennan Skeen. The Skeen vehicle was insured by State Farm with a policy having a liability limit of $25,000. State Farm also insured the Liedle automobile involved in the accident and another automobile owned by Liedle and her husband. The Liedles' two State Farm insurance policies contained underinsured motorist coverage with liability limits of $50,000 each.

Prior to Liedle filing her suit, State Farm paid to her the $25,000 limit on the Skeen policy, and the $50,000 limit on one policy of underinsured motorist coverage. No payment was made by State Farm on the second underinsured motorist policy. State Farm also paid to Liedle the sum of $10,000, which represented medical expenses incurred as a result of the accident under the medical pay coverage of Liedle's policy with State Farm.

Liedle sought to recover damages over the $75,000 already paid by State Farm and upon the second policy of underinsured motorist coverage. The case was tried before

a jury which returned a Special Verdict on January 19, 1996, finding that Liedle's total damages arising out of the automobile accident were in the amount of $83,359.

The District Court reduced the verdict by $75,000, representing the insurance proceeds received by Liedle under Skeen's liability policy and under her own underinsured motorist coverage.  The court next reduced the jury's award by the medical pay benefits received, pursuant to the collateral source reduction statute,  27-1-308, MCA.  The $10,000 medical pay set-off was itself reduced by the sum of $200.57, which represented the premiums paid by Liedle for the medical pay coverage from the date of inception of the policy through July 1, 1996, for a total net offset in the sum of $9,799.43.  The District Court therefore reduced the verdict to zero and entered judgment in favor of Liedle for the sum of zero dollars along with costs and disbursements in favor of Liedle.

Included in the award of costs was the cost of a copy of the deposition transcript of Dr. Kurtz.  The District Court, in response to objections to Liedle's memorandum of costs, entered an order on June 7, 1996, stating that Liedle may recover the costs of her copy of Dr. Kurtz's deposition which was read at trial.

Liedle appeals the reduction of the jury award by the medical pay insurance benefits received.  State Farm cross-appeals the District Court's award of costs for the deposition of Dr. Kurtz to Liedle.

ISSUE 1

Did the District Court err by applying the collateral source reduction statute,  27-1-308, MCA, to reduce the jury's verdict by benefits paid to Liedle pursuant to medical pay coverage?

We review a district court's conclusions of law to determine whether they are correct.  Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

Liedle asserts that the District Court erred in applying the collateral source reduction or offset statute because it does not apply to contract actions.  Liedle argues that this action is not a tort claim against the tort-feasor, but rather a breach of contract action against State Farm on a policy of underinsured motorist coverage.  State Farm counters that Liedle's argument is incorrect, as the language of  27-1-308, MCA, is not confined to actions arising in tort.  State Farm contends that the District Court did not err when it applied the collateral source offset statute to Liedle's recovery as against her insured.

The collateral source reduction statute,  27-1-308, MCA, provides:
Collateral source reductions in actions arising from bodily injury or death -- subrogation rights. (1) In an action arising from bodily injury or

death when the total award against all defendants is in excess of $50,000
and the plaintiff will be fully compensated for his damages, exclusive of
court costs and attorney fees, a plaintiff's recovery must be reduced by any
amount paid or payable from a collateral source that does not have a
subrogation right.

(2)  Before an insurance policy payment is used to reduce an
award under subsection (1), the following amounts must be deducted from
the amount of the insurance policy payment:

(a)  the amount the plaintiff paid for the 5 years prior to the date
of injury;

(b)  the amount the plaintiff paid from date of injury to date of
judgment; and

(c)  the present value of the amount the plaintiff is thereafter
obligated to pay to keep the policy in force for the period for which any
reduction of an award is made pursuant to subsection (3).

(3)  The jury shall determine its award without consideration of
any collateral sources. After the jury determines its award, reduction of the
award must be made by the trial judge at a hearing and upon a separate
submission of evidence relevant to the existence and amount of collateral
sources. Evidence is admissible at the hearing to show that the plaintiff has
been or may be reimbursed from a collateral source that does not have a
subrogation right. If the trial judge finds that, at the time of hearing, it is
not reasonably determinable whether or in what amount a benefit from such
a collateral source will be payable, he shall:

(a)  order any person against whom an award was rendered and
who claims a deduction under this section to make a deposit into court of
the disputed amount, at interest; and

(b)  reduce the award by the amount deposited. The amount
deposited and any interest thereon are subject to the further order of the
court, pursuant to the requirements of this section.

(4)  Except for subrogation rights specifically granted by state or
federal law, there is no right to subrogation for any amount paid or payable
to a plaintiff from a collateral source if an award is reduced by that amount
under subsection (1).

Liedle argues that the language of this statute, in particular the phrase "[i]n
an
action arising from bodily injury or death," limits the collateral source reduction
law to
tort actions, but acknowledges that Montana has not ruled upon the issue of whether
27-1-308, MCA, is limited to tort actions.  She then attempts to argue by analogy
that
because the application of the collateral source statute is similar to the effect of
subrogation, the distinction between tort and contract actions which courts apply in
subrogation matters should also apply to the collateral source reduction statute.
Liedle
makes this analogy based on the maxim of jurisprudence that where the reason is the
same, the rule should be the same. Section 1-3-202, MCA.  In addition she contends
that
allowing a collateral source reduction as against a party's own insurer is the
equivalent
of allowing an insurance company to subrogate against its own insured, which is

prohibited in the State of Montana. Truck Ins. Exch. v. Transport Indem. Co. (1979), 180 Mont. 419, 591 P.2d 188.

First, it is clear that State Farm is not asserting a right of subrogation and is not seeking to be substituted and succeed to the rights of Liedle under 27-1-308, MCA. State Farm is only claiming the benefits of the collateral source reduction statute as set forth in 27-1-308, MCA. In fact, 27-1-308(1), MCA, is only applicable when there is no subrogation right. Regardless, it is not necessary to reach Liedle's argument by analogy, as the language of the statute itself does not confine its applicability to actions only arising in tort.

The language of 27-1-308, MCA, applies to actions arising from "bodily injury or death." The policy of insurance upon which Liedle was seeking recovery is the underinsurance policy issued to her by State Farm. This policy states that the insurer

will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an underinsured motor vehicle.

(Emphasis added.) Liedle's claim made pursuant to this underinsured motor vehicle policy is an action arising from bodily injury as contemplated by 27-1-308, MCA.

Liedle argues that the collateral source reduction statute impairs her right to contract as provided by Article II, Section 31, of the Montana Constitution. She asserts that to allow a collateral offset by one's own insurer violates the substantive rule that an insurance company not be allowed to subrogate its own insured who purchased the policy. In addition, Liedle asserts that she has paid the premiums for her underinsured motorist coverage and that the collateral source rule confiscates the benefit of that insurance coverage by not affording any adjustment for the premiums she paid.

The collateral source reduction rule does not reduce the amount of available underinsured motorist coverage for which Liedle paid premiums, it only reduces the amount of damages recoverable in an underinsured motorist claim. The statute does not authorize collateral source payments to be deducted from the claimant's available underinsured motorist coverage, but authorizes that such payments be entered into the calculation of the claimant's compensable injuries and losses. Liedle does receive the benefit of the insurance policy she has purchased, and her contractual rights under this policy are not impaired. Liedle's policy provides that State Farm is required to pay only those damages to which "an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle." Liedle received exactly those amounts of damages, less the collateral source offset as provided for by 27-1-308, MCA.

We hold therefore that the District Court did properly apply the collateral source offset statute, 27-1-308, MCA, to Liedle's recovery as against her insured.

ISSUE 2

Did the District Court err in permitting, as an allowable cost to Liedle, the cost of a copy of the deposition transcript of Dr. Kurtz, recognizing that the cost of the original transcript of the deposition was paid by State Farm?

As we previously stated, the standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County, 898 P.2d at 686. This Court has previously held that the trial court has broad authority to tax costs. Fisher v. State Farm Ins. Cos. (Mont. 1997), 934 P.2d 163, 164, 54 St. Rep. 151, 152; Baeta v. Don Tripp Trucking (1992), 254 Mont. 487, 839 P.2d 566.

State Farm contends that the District Court erred in awarding Liedle the expense incurred by her in purchasing a copy of Dr. Kurtz's deposition. State Farm argues that the cost of the copy of Dr. Kurtz's deposition was solely for her benefit and was not an appropriate cost to be awarded against State Farm. Liedle counters that the copy of the deposition was not merely for her convenience and because the deposition was read at trial it is a recoverable cost.

This Court has previously held that depositions used at trial are a recoverable cost. Semenza v. Leitzke (1988), 232 Mont. 15, 754 P.2d 509. We have further held that when the purpose of the deposition is merely to assist the requesting party in compiling its case and is taken only for the convenience of counsel, the cost of that deposition is not allowable. Fisher, 934 P.2d 163; McGinley v. Ole's Country Stores, Inc. (1990), 241 Mont. 248, 786 P.2d 1156; Semenza, 754 P.2d 509.

The copy of Dr. Kurtz's deposition obtained by Liedle's counsel was not obtained for the sole convenience of counsel or solely for Liedle's benefit. The copy of the deposition was a practical necessity to allow counsel to be fully prepared for trial. As the deposition was read at trial, the District Court did not err in awarding as a cost the expense of the deposition copy.

We hereby affirm the District Court.

/S/ JIM REGNIER

We Concur:

/S/ JAMES C. NELSON
/S/ WILLIAM E. HUNT, SR.
/S/ TERRY N. TRIEWEILER

/S/  W. WILLIAM LEAPHART