No. 00-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 35

KAREN O'HERN and DOUG O'HERN,

Plaintiffs and Appellants,

v.

ROBERT A. PANKRATZ and MELANIE M.

PANKRATZ,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Broadwater,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Thomas A. Budewitz, Attorney at Law, Helena, Montana

For Respondents:

Michael J. Milodragovich, Elizabeth O'Halloran, Milodragovich, Dale, Steinbrenner & Binney, P.C.,
Missoula, Montana

Submitted on Briefs: November 16, 2000
Decided: February 22, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Following a jury trial, the District Court, First Judicial District, Broadwater County, entered an order concluding that previous payments by Robert and Melanie Pankratz's insurer should be credited against the judgment. Karen and Doug O'Hern appeal and present the following question.

¶2 Did the District Court err in determining that medical payments made by the defendants' insurer prior to trial should be credited as voluntary payments pursuant to § 26-1-706, MCA, against the judgment entered against the defendants?

¶3 We reverse.

## BACKGROUND

¶4 On November 8, 1997, plaintiff Karen O'Hern fell in the entryway of an apartment building owned by defendants Robert and Melanie Pankratz. Karen was initially treated at the emergency room at the Broadwater Health Center, Townsend, Montana. Later she was examined by her doctor who diagnosed her condition as a possible herniated disk. Approximately one month later, Karen underwent an abdominoplasty. The medical necessity of that procedure and others was disputed at trial.

¶5 On December 2, 1997, the Pankratzs' insurer, Allied Insurance Group, issued a check for $197.06 for payment of the emergency room expenses at Broadwater Health Center. On December 8, 1997, Allied wrote two checks totaling $4802.94. One of the checks, in the amount of $3500, was payable to Davis Ross, MD, as an advance payment for the abdominoplasty performed on December 9, 1997. The second check, in the amount of $1302.94, was payable to Karen as reimbursement for medical expenses which she had previously incurred. The memo on the two larger checks indicates that they represented "medical payment coverage."

¶6 On July 16, 1999, the O'Herns filed suit against the Pankratzs. Karen claimed damages

for medical expenses, lost earnings, pain, suffering, emotional distress, and interference with the course of her life. Her husband, Doug O'Hern, claimed damages for loss of consortium. At trial Karen alleged medical expenses of $13,436.43.

¶7 After considering the evidence, a Broadwater jury rendered its verdict finding that Karen and the Pankratzs were each fifty percent negligent. The jury awarded O'Herns total damages of $10,154.56, including $2254.56 for Karen's medical expenses. On June 23, 2000, the District Court entered judgment in favor of the O'Herns in the amount of $5401.07. The judgment amount reflected Karen's comparative negligence as determined by the jury and included costs.

¶8 In response to a post judgment motion filed by the Pankratzs, the District Court entered an order on July 7, 2000, that effectively reduced the judgment by $5000. The District Court determined that the previous payments by Allied in the amount of $5000 were voluntarily paid pursuant to § 26-1-706, MCA, and should be credited against the judgment. The O'Herns appeal from this post judgment order.

## STANDARD OF REVIEW

¶9 A district court's application of a credit against judgment pursuant to § 26-1-706, MCA, is a conclusion of law. We review a conclusion of law as to whether the district court's interpretation is correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 456, 469, 898 P.2d 680, 686.

## DISCUSSION

¶10 Did the District Court err in determining that medical payments made by the Pankratzs' insurer prior to trial should be credited as voluntary payments pursuant to § 26-1-706, MCA, against the judgment entered against the defendants?

¶11 The O'Herns argue that payments made by an insurer pursuant to medical payments coverage are not voluntary payments pursuant to § 26-1-706, MCA, but are subject to limitations of the collateral source reduction statute, § 27-1-308, MCA. The Pankratzs argue that the payments made to the O'Herns were voluntary partial payments of a potential future claim, and thus, pursuant to § 26-1-706, MCA, such payments should be treated as a credit against any eventual judgment.

### a. Voluntary Payments

¶12 Section 26-1-706, MCA, provides in relevant part that "[a]fter entry of a judgment in an action for damages for personal injuries . . . any voluntary partial payment theretofore made shall be treated as a credit against such judgment and shall be deductible from the amount of such judgment." The Pankratzs argue that the payments made to Karen were voluntary, and thus must be credited towards the eventual judgment. We disagree.

¶13 Here, Karen received checks for medical expenses under a no-fault medical payment coverage provision in the Pankratzs' insurance policy. Notations on the checks indicated that the payments were made pursuant to "Medical Payments Coverage." *See* § 33-18-201 (10), MCA (requiring a statement setting forth the coverage under which payments are made.) The section of the insurance policy under which these payments were made states "[w]e will pay medical expenses . . . for "bodily injury" caused by an accident . . . . We will make these payments regardless of fault." (Emphasis added.) Thus, payments made under the "medical payment coverage" section of the Pankratzs' insurance policy are not voluntary payments pursuant to § 26-1-706, MCA, because Allied is contractually required to make such payments on demand.

### b. Collateral Source Reduction

¶14 The collateral source reduction statute provides that in an action arising from bodily injury or death when the total award against all defendants is in excess of $50,000 and the plaintiff will be fully compensated for his damages, exclusive of court costs and attorney fees, a plaintiff's recovery must be reduced by any amount paid or payable from a collateral source that does not have a subrogation right. Section 27-1-308, MCA.

¶15 Here, the amount awarded against the defendant was less than the statutorily required amount of $50,000 that will trigger a reduction in judgment. *See Liedle v. State Farm Mut. Auto. Ins Co.* (1997), 283 Mont. 129, 134, 938 P.2d 1379, 1382. Thus, Karen's recovery may not be reduced pursuant to § 27-1-308, MCA.

### c. Necessity of Abdominoplasty

¶16 The Pankratzs also contend that they should receive credit for the payments to Karen because the jury concluded that the abdominoplasty was not a necessary medical expense. It is true that the jury clearly determined that the abdominoplasty costs were not

recoverable under the theory of tort liability litigated in the District Court. However, the insurer's obligation under the medical pay provisions of the defendants' policy was not litigated in this tort action. Medical pay provisions require payment regardless of fault. As stated above, payments under a medical pay provision are not voluntary payments that can be credited to a judgment pursuant to § 26-1-706, MCA. Such payments are contractual in nature. The jury did not consider nor decide the issue of whether the insurer was ultimately liable under the medical pay provisions of the defendants' policy and neither can we.

¶17 Reversed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER