No. 80-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

ROB ROY, individually and as
guardian ad litem of HEATHER ROY,

Plaintiff and Appellant,

vs.

WALTER NEIBAUER,

Defendant and Respondent.

_____

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Regnier and Lewis, Great Falls, Montana

For Respondent:

Jardine, Stephenson, Blewett and Weaver,
Great Falls, Montana

Thomas Boland, Great Falls, Montana

_____

Submitted on briefs: December 30, 1980

Decided FEB 9 - 1981

Filed: FEB 9 - 1981

_Thomas J. Kearney_

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment order entered by the District Court of the Eighth Judicial District. Plaintiff-appellant, individually and as guardian ad litem of his daughter Heather, sued defendant-respondent Walter Neibauer and defendant John Carlson for injuries received by Heather in August 1978. After extensive discovery, respondent Neibauer filed a motion for summary judgment. The District Court ruled in favor of that motion. Appellant filed a notice of appeal to this Court in September 1979. Roy v. Neibauer (1980), ___ Mont. ___, 610 P.2d 1185, 37 St.Rep. 897. We dismissed the appeal without prejudice because it was taken prematurely. Subsequently, appellant dismissed all complaints against defendant John Carlson and again appealed the order of the District Court.

Walter Neibauer purchased a duplex on August 19, 1978. Two separate tenant families resided in the duplex pursuant to a preexisting lease, the Rob Roy family and the John Carlson family. The Carlsons owned a small cocker spaniel dog, and their lease expressly allowed them to maintain the dog on the premises.

On August 27, 1978, or eight days after Neibauer acquired the duplex, the Carlson dog bit Heather Roy in the front yard of the duplex on the Carlsons' lawn area. Rob Roy, as guardian ad litem for his minor daughter, filed a complaint against both the dog's owner and the owner of the duplex.

Two issues are raised on this appeal:

1. What duty, if any, did Neibauer, as owner and landlord of a duplex, owe to Roy, a tenant, for injuries

received on the duplex's front lawn from a dog owned and harbored by another tenant, Carlson, when Neibauer purchased the duplex subject to the Carlson lease allowing Carlson to have the dog, and when the dog injured the Roy child before Neibauer could have legally taken any steps to remove the dog from the premises or to otherwise control the dog?

2. When are deposition expenses properly taxed as costs in favor of the prevailing party in summary judgment cases?

The District Court found that since Montana law and the Carlson lease required Neibauer to give Carlson at least fourteen days' notice to remove the dog, and since the dog injured the child only nine days after Neibauer's purchase, respondent, as a matter of law, had no duty to protect Roy from the dog since he had no legal remedy to remove or control the dog.

It is an elementary principle of law that before a claim for relief can be made against a defendant for negligence, the existence of a duty by the defendant to the plaintiff must be shown, along with the breach of that duty and a resulting injury. Kakos v. Byram (1930), 88 Mont. 309, 292 P. 909; Jackson v. William Dingwall Company (1965), 145 Mont. 127, 399 P.2d 236.

The existence of a duty is a matter of law to be determined by the court and not the jury. Kakos, supra. Here, the District Court decided as a matter of law that there existed no duty from respondent to appellant since respondent had no control over the dog or the right to dispose of the dog prior to the child's injury. We agree. Since there was no duty, there could be no negligence, and appellant's

-3-

claim against respondent failed, regardless of whether respondent had knowledge of any dangerous propensities of the dog.

Respondent Neibauer purchased the duplex subject to a preexisting lease. The lease specifically allowed Carlson to own and harbor a dog. The lease further provided, in a paragraph designated as "Notice of Change," that respondent had to provide Carlson with thirty days' notice if respondent intended to change the terms of the lease. Respondent could only terminate the lease by providing Carlson thirty days' notice in writing.

Pursuant to the lease, Carlson agreed he would not maintain or permit to be maintained a nuisance on the premises, such as a dog with dangerous propensities. If it was determined that Carlson's dog was a nuisance on the property, respondent's only remedy was to proceed under the default clause of the lease which required respondent to give Carlson fifteen days' notice of the default. More importantly, before respondent could terminate his lease with Carlson, he was bound by section 70-24-422, MCA, which states:

> "Noncompliance of tenant generally -- landlord's right of termination -- damages -- injunction. (1) Except as provided in this chapter, if there is a noncompliance by the tenant with the rental agreement or a noncompliance with 70-24-321 affecting health and safety, the landlord may deliver a written notice to the tenant pursuant to 70-24-108 specifying the acts and omissions constituting the breach and that the rental agreement will terminate upon a date not less than 14 days after receipt of the notice. If the breach is not remedied within that time, the rental agreement terminates as provided in the notice . . ."

Respondent did not purchase the premises subject to Carlson's lease and the existence of the dog until August

19, 1978, eight days before the child was bitten. He had no opportunity to remove the dog from the premises nor did he have any control whatsoever over the manner in which Carlson handled the dog. On these facts and the statute, the District Court correctly found that respondent had no duty to appellant to prevent Carlson's dog from injuring Heather Roy; therefore, judgment was properly entered against appellant as a matter of law.

Appellant next raises the issue of when deposition expenses are properly taxed as costs in favor of the prevailing party.

Respondent's memorandum of costs and disbursements included deposition expenses in the amount of $328. The depositions in question included a deposition of Rob Roy at a cost of $122, of Marney Roy at a cost of $98, of John Carlson at a cost of $70, and of Marcia Carlson at a cost of $38.75. Appellant claims that these depositions were merely discovery devices used by respondent's attorney for investigation and preparation and cannot now be properly taxed against appellant. We disagree.

The District Court expressly relied on these "several depositions" in determining that summary judgment should be entered against appellant. The District Court made reference to the depositions in its memorandum decision. These depositions were necessary for the disposing of this litigation by way of summary judgment and are proper elements of respondent's costs. Johnson v. Furgeson (1971), 158 Mont. 170, 489 P.2d 1032.

Affirmed.

_____
Justice

-5-

We concur:

_____
Chief Justice

_____

_____
Justices

This cause was submitted prior to January 5, 1981.