No. 94-544

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

SHAUN GILLULY,

      Plaintiff and Appellant,

  -vs-

KIE MILLER,

      Defendant and Respondent.

FILED

MAR 16 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Stephen D. Roberts, Attorney at Law,
          Bozeman, Montana

      For Respondent:

          Gene I. Brown, Steve Reida, Attorneys at Law,
          Bozeman, Montana

Submitted on Briefs:  February 16, 1995

Decided:  March 16, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Plaintiff, Shaun Gilluly, appeals from the decision of the Eighteenth Judicial District Court disallowing as costs the expense of videotaped depositions used by the plaintiff at trial in which the jury returned a verdict for the plaintiff. We reverse.

## Background

Plaintiff Shaun Gilluly filed a complaint for injuries he received to his neck and upper back in a rear-end collision caused by the defendant, Kie Miller. Gilluly sought recovery under a negligence claim for his compensatory damages and also sought punitive damages on the basis that Miller was highly intoxicated when he caused the collision.

Prior to trial, Gilluly took three video taped depositions to perpetuate the testimony of witnesses who would be out of state at the time of trial. These witnesses were Gilluly's former coworker, Shannon Williams, a California resident; Joseph Kasperick; and treating physician Dr. Frank Seitz.

The case was tried before a jury. The video tape perpetuation deposition testimony of Williams, Kasperick and Dr. Seitz was presented to the jury by the plaintiff, without objection from the defendant. The jury returned verdicts for the plaintiff in the total amount of $95,283, of which $80,283 was compensatory damages and $15,000 was punitive damages.

Following entry of judgments for the plaintiff for compensatory and punitive damages, plaintiff filed his memorandum of costs and disbursements. Plaintiff requested that the defendant

be assessed costs for the videotape and transcript of the perpetuation depositions of Williams in the amount of $649.45; Kasperick in the amount of $220.50; and Dr. Seitz in the amount of $742.50. Miller filed an objection to Gilluly's memorandum of costs contending that Gilluly should be reimbursed only for the cost of the written deposition transcripts and not for the costs of videotaping. After a hearing on the matter, the court granted defendant's request to disallow the $1,284.76 costs of the videotaped depositions.

In denying the costs of the video depositions, the District Court held as follows:

> The way I read the statute is that a party certainly has the right to take video depositions, but that election is at that party's own expense, otherwise there is an obligation to produce the witness in court. And since the witness was the witness for the plaintiff in this case in lieu of presenting the witness live in court, they utilized a video deposition and in that way satisfied their obligation to produce the witness. So it will be the ruling, counsel, that costs set forth in plaintiff's bill of costs be reduced by the amount of $1,284.76.

Standard of Review

In reviewing a district court's award of costs, the standard of review is whether the district court abused its discretion. Erickson v. Dairyland Ins. Co. (1990), 241 Mont. 119, 124-25, 785 P.2d 705, 708.

Issue

Did the District Court err in denying the reasonable expense of videotaped depositions which were used at trial as recoverable

3

costs under Rule 30(h)(5), M.R.Civ.P.?

Rule 30(h), M.R.Civ.P., provides that any deposition may be recorded by audio-visual or tape recorded means without a stenographic record. Subsection (5) of Rule 30(h) provides, "[t]he reasonable expense of recording, editing, and using an audio-visual or tape recorded deposition may be taxed as costs as provided by law." Section 25-10-201, MCA, provides:

Costs generally allowable. A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows:

. . .

(2) the expenses of taking depositions; . . . [Emphasis added.]

We find that our decision in Thayer v. Hicks (1990), 243 Mont. 138, 793 P.2d 704, is controlling. In Thayer, Montana Merchandising presented the testimony of one of its witnesses at trial, Tom Jenkins, by means of a video taped deposition. While the jury viewed the tape, the court and the parties followed along with written transcripts of the video taped deposition so that the parties could make objections and the court could rule upon the objections. In its bill of costs, Montana Merchandizing sought to charge the expense of both videotaping and transcribing Jenkins' deposition. Bloomgren claimed that both charges were improper. In concluding that the charges were taxable, this Court stated:

As we noted earlier, the costs of a deposition used at trial are properly taxable. Cash, 210 Mont. at 333, 684 P.2d at 1048. Furthermore, Rule 30(h)(5), M.R.Civ.P., provides, "The reasonable expense of recording, editing, and using an audio-visual or tape recorded deposition may be taxed as costs as provided by law." This rule, however, remains subject to the

4

> limitation that the audio visual or tape recording must be used at trial before the expenses incurred in obtaining such a deposition may be charged to the opposing party. In this case, both the video tape and the written transcript of Jenkins' deposition were used at trial, therefore, the expenses of both may be charged to Bloomgren.

Thayer, 793 P.2d at 798.

Miller contends that the District Court's denial of video taped depositions as actual costs follows strong precedent from this Court that the prevailing party's costs of depositions are not awardable when the deposition is taken solely for the party's own convenience. Although Miller did not object to the video depositions at the time of trial, Miller contends that Dr. Seitz and Joe Kasperick could have been subpoenaed for appearance at trial. Thus, Miller contends that presentation of their video taped depositions was solely for Gilluly's own "convenience." Miller relies on our decisions in Morrison-Maierle, Inc. v. Selsco (1980), 186 Mont. 180, 606 P.2d 1085, and Lovely v. Burroughs Corp. (1974), 165 Mont. 209, 527 P.2d 557. Neither one of these decisions stands for the proposition that a party cannot properly tax the costs of a deposition (be it video or transcribed) used at trial unless the party shows that the witness could not have been subpoenaed to appear at trial. In Morrison-Maierle, the question was whether Morrison-Maierle could properly be awarded costs for the expense of a deposition transcript that Morrison-Maierle provided to Selsco which then used it as evidence at trail. In

**affirming** an award of costs for this deposition,[1] we stated:

> Since it was so used, we conclude that it was properly part of the costs of the action. The distinction is that if a deposition is taken solely for a party's own convenience, he cannot properly charge it to the other party as part of the costs. Lovely v. Burroughs Corp. (1974), 165 Mont. 209, 527 P.2d 557, appeal after remand 169 Mont. 454, 548 P.2d 610; Johnson v. Furguson, et al. (1971), 158 Mont. 170, 489 P.2d 1032. Here the copy was furnished to [Selsco] at [Morrison-Maierle's] expense[], and used by [Selsco] at trial. It has no ground to complain.

Morrison-Maierle, 606 P.2d at 1088.

In Lovely, we cited our decision in Johnson v. Furguson et al. (1971), 158 Mont. 170, 489 P.2d 1032, for the proposition that depositions taken for the convenience of the deposing party in marshalling his own case must be borne by that party. Lovely, 527 P.2d at 563.

In Johnson, 489 P.2d at 1035, this Court denied an award of costs for deposition expenses stating,

> It cannot be included in his bill of costs because that deposition was obviously a discovery deposition for defendant's benefit. The deposition was never filed with the district court and plaintiff's counsel did not have any practical means of securing a copy.

---

[1] It should be noted that in the published opinion of Morrison-Maierle, 606 P.2d at 1088, there is a typographical error. The last sentence of the published opinion reads as follows: "With the exception of the Wetstein devosition which should be excluded as an item of costs, the judgment of the District Court is affirmed." (Emphasis added.) It is clear from reading the Court's opinion that the Wetstein deposition was to be *includedas an* **item** of costs and that the partial transcript of the trial was to be excluded as an item of costs. Accordingly, the opinion should read: "With the exception of the partial trial transcript which should be excluded as an item of costs, the judgment of the District Court is affirmed."

6

We conclude that depositions which are not used at trial are for the "convenience of counsel" and are not recoverable costs. On the other hand, expenses incurred in taking depositions which are filed with the district court and are used at trial are not for the "convenience" of the litigant and, thus, constitute recoverable costs under Rule 30(h)(5), M.R.Civ.P. <u>See</u> Sage v. Rogers (1993), 257 Mont. 229, 242, 848 P.2d 1034, 1042 and Cash v. Otis Elevator Co. (1984), 210 Mont. 319, 684 P.2d 1041, in which we recognized that costs of a deposition used at trial for impeachment are allowable.

The lower court abused its discretion in denying as costs the reasonable expense of video depositions which were used at trial.

We conclude that the costs associated with video depositions used at trial are not for the convenience of the parties and are therefore allowable costs under Rule 30(h)(5), M.R.Civ.P.

Reversed.

_____
Justice

We concur.

_____
Chief Justice

_____

_____

_____

_____
Justices

7

March 16, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Stephen D. Roberts
1700 W. Koch St., Suite 5
Bozeman, MT 59715

Gene I. Brown
Steve Reid
P.O. Box One
Bozeman, MT 59771-0001

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _S. Gallagher_
Deputy