No. 96-590

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

FRED FISHER,

Plaintiff and Appellant,

v.

STATE FARM INSURANCE COMPANIES
and BRIAN TAYLOR,

Defendants and Respondents.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Roderick K. Ermatinger; Attorneys, Inc.;
Missoula, Montana

For Respondents:

Stephen C. Berg; Warden, Christiansen,
Johnson & Berg; Kalispell, Montana

Submitted on Briefs: January 9, 1997

Decided: March 3, 1997
Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

Appellant Fred Fisher filed a complaint in the Twentieth Judicial District Court, Sanders County, seeking damages for wrongful denial of fire insurance benefits under his State Farm Insurance policy. State Farm Insurance filed an offer of judgment on July 22, 1996, pursuant to Rule 68, M.R.Civ.P. Fisher accepted the offer and the District Court entered judgment in favor of Fisher on July 26, 1996. On August 5, 1996, State Farm Insurance filed a motion to tax costs, specifically objecting to Fisher's claimed deposition expenses of $1,442.20. The District Court granted the motion to tax costs and disallowed Fisher's claimed deposition expenses. Fisher appeals this order. We affirm.

The issue on appeal is whether a prevailing party is entitled to recover deposition costs incurred prior to the offer of judgment which resolved the claim.

FACTUAL BACKGROUND

On February 19, 1986, Fred Fisher met with Brian Taylor, a State Farm Insurance agent, to discuss insurance coverage for his shop and mobile home. Fisher purchased the State Farm Insurance coverage from Taylor and a "Manufactured Home Policy" was issued. The policy was renewed annually and was in effect on March 18, 1994, when Fisher's shop and property within the shop were destroyed by fire.

Fisher submitted a personal property inventory claiming over $50,000 on a replacement cost basis for the loss of personal property in the shop. The policy provided coverage in excess of $48,000 for loss of personal property. State Farm investigated and determined that a majority of the property in the shop was actually business property subject to a $1,000 limitation, as stated in the policy. State Farm identified $4,019 worth of personal property destroyed in the fire and paid Fisher that amount plus the $1,000 limitation for business property which was destroyed.

Fisher's complaint alleged that Taylor falsely represented to him that there was coverage upon all business property, and that State Farm Insurance's identification of business property, as distinguished from personal property, was incorrect. Ten depositions were taken during the discovery process. State Farm Insurance conducted four depositions and Fisher conducted six.

On July 18, 1995, State Farm Insurance and Taylor presented an

Offer of Judgment pursuant to Rule 68, M.R.Civ.P. This offer, in the amount of $36,459.62, was accepted by Fisher on July 22, 1996. Judgment was entered by the District Court on July 25, 1996.

Fisher filed a memorandum of costs and disbursements with the District Court on July 26, 1996. This included $1,442 for costs of depositions taken. State Farm Insurance and Taylor filed a motion to tax costs, objecting to the claimed deposition expenses.

The District Court issued an order granting State Farm Insurance and Taylor's motion to tax costs, disallowing all deposition expenses claimed by Fisher. Fisher appeals this order.

DISCUSSION

When an action is resolved by an offer of judgment pursuant to Rule 68, M.R.Civ.P., is the prevailing party entitled to recover deposition costs incurred prior to the offer?

The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04). This Court has previously held that the trial court has broad authority to tax costs. Baeta v. Don Tripp Trucking (1992), 254 Mont. 487, 839 P.2d 566.

Fisher asserts that the depositions should be allowable as costs because they were necessary for the prosecution of his claim even though it did not proceed to trial.

The offer of judgment by State Farm Insurance was made pursuant to Rule 68, M.R.Civ.P., which provides in part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.

Although Rule 68, M.R.Civ.P., provides that costs are recoverable when an offer is accepted, it does not define the term "costs." This Court has interpreted the same word as found in the governing statute, 25-10-201(2), MCA.

We have consistently interpreted 25-10-201(2), MCA, to allow costs for depositions in only limited circumstances where the depositions were relied upon by the district court, or were used in a trial setting. We have previously held that deposition costs are allowed where the depositions are used as evidence at trial or used for impeachment during trial. Gilluly v. Miller (1995), 270 Mont. 272, 891 P.2d 1147; Gee v. Egbert (1984), 209 Mont. 1, 679 P.2d 1194; Cash v. Otis Elevator Co. (1984), 210 Mont. 319, 684 P.2d 1041. Costs for depositions are also allowed where the depositions are not used at trial but are filed with the district court, and

used by the court in a dispositive summary judgment motion. Roy v. Neibauer (1981), 191 Mont. 224, 227-28, 623 P.2d 555, 557. When the purpose of the deposition, however, is merely to assist the requesting party in compiling its case, and is taken only for the convenience of counsel, the cost of that deposition is not allowable. McGinley v. Ole's Country Stores, Inc. (1990), 241 Mont. 248, 786 P.2d 1156; Semenza v. Leitzke (1988), 232 Mont. 15, 754 P.2d 509; Lovely v. Burroughs Corp. (1974), 165 Mont. 209, 527 P.2d 557.

This Court has not previously addressed the taxation of costs in an offer of judgment. In the offer of judgment before us, the depositions were not filed with the District Court and used at trial, nor does the record contain any evidence that the depositions would have been required in order to preserve the testimony for use at trial. See Gilluly, 891 P.2d at 1149, (quoting Johnson v. Furgeson (1971), 158 Mont. 170, 176, 489 P.2d 1032, 1035). The acceptance of the offer of judgment averted a trial and as a result the depositions were not used as evidence or for purposes of impeachment. The District Court did not use the depositions in deciding a dispositive summary judgment motion. It would be impossible for the District Court, and this Court, to speculate whether a particular deposition would, in fact, be used at a trial which never occurred or to support a summary judgment motion that was never filed and decided. Therefore, the District Court correctly disallowed Fisher's deposition expenses.

We affirm.

/S/ JIM REGNIER


We Concur:

/S/ J. A. TURNAGE
/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ WILLIAM E. HUNT, SR.