No. 96-602

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


MIKE SPRINGER,

Plaintiff, Respondent
and
Cross-
Appellant,
vs.

JASON BECKER, a police officer
for
the City of Bozeman; CITY OF
BOZEMAN,
as a political subdivision of the State of
Montana,

Defendants and Appellants.



APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Barry G. OþConnell, Moore, OþConnell & Refling, Bozeman, Montana

For Respondent:

Nathan J. Hoines, Great Falls, Montana



Submitted on Briefs: March 6, 1997

Decided:
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.


This is an appeal from certain judgments entered by the Eighteenth Judicial District
Court, Gallatin County.  On June 26, 1996, the District Court granted Plaintiff Springer
(Springer) summary judgment on issues involving the City of Bozeman's liability to
Springer for damages.  On July 11, 1996, the District Court entered judgment on a jury
verdict for damages in Springer's favor and awarded Springer costs.  From  these
judgments, Defendants appeal and Springer cross appeals.  We affirm in part, reverse in
part and remand for further proceedings consistent with this Opinion.

We address the following issues raised on appeal:

1.   Did the District Court err in granting Springer's motion for summary judgment?

2.   Did the District Court abuse its discretion in awarding certain costs to Springer?

We also address the following issue raised on cross appeal:

3.   Did the District Court abuse its discretion in failing to award Springer attorney fees
and costs pursuant to Rule 37(c), M.R.Civ.P., for proving requests for admissions that
Defendants denied?

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mike Springer (Springer) owned a 1968 Volkswagen van in September
1992 which he parked on the 2000 block of South Rouse in Bozeman, Montana.  On
September 24, 1992, Parking Control Officer Bill McManis (McManis), placed a "Notice
of Abandoned Vehicle" on Springer's van which specified a tow date of September 25,
1992.  Springer observed this notice and on September 25, 1992, prior to his van being
towed, Springer moved his van from the east side of the street to the west side of the
street.  On September 28, 1992, Springer's van was towed.  Subsequently, Police
Officer Jason Becker signed a Gallatin County Junk Vehicle Release form and Springer's
van was destroyed.  Springer was never notified that his van had been towed.

Springer brought this action against Defendants Jason Becker and the City of
Bozeman (collectively, the City) to recover damages for destruction of his 1968
Volkswagen van.  The City first brought a motion for summary judgment which the
District Court denied.  Subsequently, Springer filed a motion for summary judgment
which the District Court granted on June 26, 1996.  The District Court held that
Springer's van was not a junk vehicle as defined by  75-10-501(4), MCA (1991), nor
was the van an abandoned vehicle as defined by  61-12-401(1), MCA (1991).  On June
27, 1996, a jury trial was held on the issue of damages and a verdict of $1,500.00

returned in Springer's favor. On July 11, 1996, the District Court entered judgment for Springer in the amount of $1,500.00 in damages plus $1,636.32 in costs. The City appeals both the court's June 26, 1996 Order granting Springer summary judgment and the court's July 11, 1996 Judgment in favor of Springer. Springer cross appeals raising the issue of whether the District Court abused its discretion by failing to award him attorney fees and costs pursuant to Rule 37(c), M.R.Civ.P. We affirm in part, reverse in part and remand for further proceedings consistent with this Opinion.

DISCUSSION

1. Did the District Court err in granting Springer's motion for summary judgment?

After a hearing on Springer's motion for summary judgment, the District Court determined that no genuine issues of material fact were in dispute and concluded that Springer's van was not a junk vehicle pursuant to 75-10-501(4), MCA (1991), and was not an abandoned vehicle pursuant to 61-12-401(1), MCA (1991). The District Court, therefore, held that the City did not take reasonable efforts to notify Springer after his vehicle had been towed, pursuant to 61-12-402, MCA (1991). Accordingly, the District Court granted Springer summary judgment.

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review a district court's grant of a motion for summary judgment de novo and apply the same criteria under Rule 56(c), M.R.Civ.P., as did the district court. DeVoe v. State (Mont. 1997), 935 P.2d 256, 262, 54 St.Rep. 207, 211. The moving party carries the initial burden of establishing the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. DeVoe, 935 P.2d at 262 (citing Carelli v. Hall (1996), 279 Mont. 202, 207, 926 P.2d 756, 759). If the moving party satisfies its initial burden, the burden then shifts to the party opposing summary judgment to present evidence raising a genuine issue of material fact. DeVoe, 935 P.2d at 263 (citation omitted). "Material issues of fact are identified by looking to the substantive law governing the proceedings." DeVoe, 935 P.2d at 263 (citation omitted).

Section 75-10-501(4), MCA (1991), defines a "junk vehicle" as a "discarded, ruined, wrecked, or dismantled motor vehicle, including component parts, which is not lawfully and validly licensed and remains inoperative or incapable of being driven." Pursuant to 61-12-401(1), MCA (1991), before a vehicle can be taken into custody, whether it is designated as a "junk vehicle" or not, it must have been abandoned for more than five days on a city street. Furthermore, 61-12-402, MCA (1991), requires that when a vehicle is taken into custody, notice must be given to the registered owner of the vehicle concerning the location of the vehicle by a registered or certified letter mailed, at least 30 days before the vehicle is sold, to the latest address shown in the

records of
the office of the department of justice, return receipt requested and postage prepaid.

However, an exception to this notice requirement provides that a vehicle found by law enforcement officials to be a "junk vehicle" as defined by 75-10-501, MCA, and certified as having an appraised value of $100 or less, as determined by the Department of Revenue, may be directly submitted for disposal without notice and without a required holding period. Section 61-12-402(6), MCA (1991).

The City, based on the above statutory sections, argues that summary judgment was not proper in this case because genuine issues of material fact existed. Specifically, the City argues that the District Court ignored the uncontroverted affidavits of Bill McManis and Arletta Derleth which stated that Springer's 1968 Volkswagen van had been parked on a city street for more than five days; had expired license plates; had structural damage and lacked windshield wipers; and had an assessed value of less than $100.00. The City asserts that based on these affidavits, the issues of whether Springer's van was a "junk vehicle" and whether the City properly disposed of Springer's van should have been presented to a jury, and, therefore, we should reverse the District Court's Order granting Springer summary judgment.

Springer responds that we should affirm the District Court's Order granting his motion for summary judgment because the City has failed to raise any genuine issues of material fact. First, Springer argues that the City failed to argue that a genuine issue of material fact existed as to the third requirement of 75-10-501(4), MCA (1991), which provides that before a vehicle can be classified as a junk vehicle, it has to remain "inoperative or incapable of being driven." Springer asserts that the undisputed and uncontroverted evidence shows that his van was operable and capable of being driven because he had moved his van from the east side of the street to the west side of the street before it was towed and destroyed. Springer, therefore, contends that because all three elements of 75-10-501(4), MCA (1991), were not satisfied, his van could not be classified as a junk vehicle.

Second, Springer argues that the City failed to argue that a genuine issue of material fact existed as to whether Springer's van was an abandoned vehicle pursuant to 61-12-401(1), MCA (1991). Springer again asserts that it is an uncontroverted fact that after he observed the "Notice of Abandoned Vehicle," but before the City towed his van, he moved his van from the east side of the street to the west side of the street. Furthermore, Springer points out that McManis admitted in his deposition that he had no personal knowledge concerning the length of time that Springer's van had been parked on the street and that he did not believe that Springer's van was an abandoned

vehicle.

Therefore, Springer contends that, based upon these uncontroverted facts alone, his van could not be classified as an abandoned vehicle under 61-12-401(1), MCA (1991). Finally, relying on Dagel v. City of Great Falls (1991), 250 Mont. 224, 819 P.2d 186, Springer argues that the City should be equitably estopped from arguing that Springer's van was an abandoned vehicle based on the actions of McManis and the City's violation of their policy concerning abandoned vehicles.

It is important to first note that the transcript of the June 24, 1996 summary judgment hearing is not included in the record provided to this Court on appeal. The City, as appellant, had a duty under Rule 9(a), M.R.App.P., to provide this Court with a record sufficient to enable us to rule upon the issues raised. While it would be appropriate to dismiss this appeal for the City's failure to provide this Court with a sufficient record, dismissal need not be automatic in every instance where a party fails to strictly follow the Rules of Appellate Procedure. Williams v. Rigler (1988), 234 Mont. 161, 163, 761 P.2d 833, 834. Here, while the lack of a summary judgment hearing transcript limits our review of this issue, any detriment inures to the City, not Springer. Therefore, we will address the issues raised by the City.

We agree with Springer that the City failed to present an argument concerning the third requirement of 75-10-501(4), MCA (1991), and, thereby, failed to raise a genuine issue of material fact concerning the classification of Springer's van as a junk vehicle. From the record provided this Court, we note that it is uncontroverted that Springer moved his van from the east side of the street to the west side of the street before the City towed and destroyed his van. Additionally, McManis acknowledged in his deposition that prior to having Springer's van towed and impounded, he did not know if the van was capable of being operated and driven. Consequently, we conclude that the undisputed and uncontroverted facts show that Springer's van was operable and capable of being driven prior to the time the City had Springer's van towed and destroyed. Accordingly, we hold that the District Court correctly determined that Springer's van was not a junk vehicle as defined by 75-10-501(4), MCA (1991).

Next, pursuant to 61-12-401(1), MCA (1991), before a vehicle can be taken into custody, whether it is a junk vehicle or not, it must have been abandoned for more than five days on a city street. We again agree with Springer that the City has failed to raise any genuine issues of material fact concerning this issue. The record shows that after observing the "Notice of Abandoned Vehicle" placed on his van by McManis on September 24, 1992, Springer moved his van to the opposite side of the street the next day. Furthermore, McManis admitted in his deposition that he had no personal

knowledge of how long Springer's vehicle had been parked on the city street and he further admitted that he did not believe that the van was an abandoned vehicle, but rather that the vehicle was a junk vehicle. Based on these uncontroverted facts, we hold that the District Court correctly concluded that Springer's van was not an abandoned vehicle pursuant to 61-12-401(1), MCA (1991).

We conclude that the record provided to us contains no evidence raising a genuine issue of material fact as to whether Springer's van was a junk or abandoned vehicle. On that basis, we further conclude that Springer was entitled to summary judgment as a matter of law. Accordingly, we affirm the District Court's Order granting Springer summary judgment, wherein the District Court ruled that Springer's van was not a junk vehicle pursuant to 75-10-501(4), MCA (1991), and was not an abandoned vehicle pursuant to 61-12-401(1), MCA (1991), and, therefore, concluded that the City did not take reasonable efforts to notify Springer after his vehicle had been towed, pursuant to 61-12-402, MCA (1991). Consequently, based on this holding, we do not reach Springer's claim that the City was estopped from arguing that Springer's van was an abandoned vehicle.

2. Did the District Court abuse its discretion in awarding certain costs to Springer?

In its order granting Springer's motion for summary judgment, the District Court scheduled a jury trial to hear the issue of damages. After this trial, the jury awarded Springer $1,500.00 in damages. Thereafter, pursuant to 25-10-201, MCA, Springer filed a "Bill of Costs" with the District Court in the amount of $1,636.32. Subsequently, the District Court entered judgment awarding Springer $1,500.00 in damages and $1,636.32 in costs.

Section 25-10-201, MCA, provides:

A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows:

(1) the legal fees of witnesses, including mileage, or referees and other officers;
(2) the expenses of taking depositions;
(3) the legal fees for publication when publication is directed;
(4) the legal fees paid for filing and recording papers and certified copies thereof necessarily used in the action or on the trial;
(5) the legal fees paid stenographers for per diem or for copies;
(6) the reasonable expenses of printing papers for a hearing when required by a rule of court;
(7) the reasonable expenses of making transcript for the supreme court;
(8) the reasonable expenses for making a map or maps if required and necessary to be used on trial or hearing; and
(9) such other reasonable and necessary expenses as are taxable

according to the course and practice of the court or by express provision of law.

While the trial court has broad authority in taxing costs, Cash v. Otis Elevator Co.
(1984), 210 Mont. 319, 333, 684 P.2d 1041, 1048, not every litigation expense is recoverable, Luppold v. Lewis (1977), 172 Mont. 280, 292, 563 P.2d 538, 545.  Rather, þ[o]nly those costs delineated in   25-10-201, MCA, may be charged to the opposing party unless the item of expense is taken out of   25-10-201, MCA, by a more specialized statute, by stipulation of the parties or by rule of court."  Thayer v. Hicks
(1990), 243 Mont. 138, 158, 793 P.2d 784, 796-97 (citing Luppold, 563 P.2d at 545).  Here, because neither of the parties argue that the disputed costs are controlled by a more specific statute, stipulation of the parties or a rule of court,   25-10-201, MCA, controls this issue.  We review the District Court's award of costs to determine whether the District Court abused its discretion.  Gilluly v. Miller (1995), 270 Mont. 272, 274, 891 P.2d 1147, 1148.

The City argues that the District Court abused its discretion when it awarded Springer $1,636.32 because most of the costs identified in Springer's "Bill of Costs" do not fall within   25-10-201, MCA.  In fact, the City argues that only $175.00 for filing fees is allowable.  First, the City argues that Springer's request for costs of 509 photocopies ($127.25) along with costs for facsimile transmittals ($17.00) and costs for copies of juror questionnaires ($2.10) is not allowable under   25-10-201, MCA.  Specifically, the City relies on Thayer, 793 P.2d at 798, to assert that the District Court's discretion should be limited to allowing only the costs incurred in constructing exhibits admitted at trial and that because only two exhibits were used at trial, Springer's request for costs of 509 photocopies is not appropriate.  Furthermore, the City argues that costs for facsimile transmittals and copies of juror questionnaires are not necessary litigation expenses, and, therefore, should not be allowed.

Springer responds that all of the photocopy costs were reasonable and necessary expenses allowed for by   25-10-201(9), MCA.  Furthermore, Springer asserts that the District Court is in the best position to make a determination of what costs are taxable according to the course and practice of the court.  Additionally, Springer suggests that we follow the lead of the federal court system wherein photocopying costs are allowable pursuant to 28 U.S.C.   1920 (1991).

Next, the City argues that Springer's request for costs of postage ($27.80) and UPS charges ($11.25) should not be allowed because theses costs also are not necessary litigation expenses pursuant to   25-10-201(9), MCA.  Additionally, the City argues

that the cost identified as a "Service Fee" ($230.00) should not be allowed because it is not an identified allowable cost, nor is it reasonable or necessary. Furthermore, the City argues that the imposition of long distance telephone charges ($33.67) is erroneous because, in Thayer, this Court held "[t]elephone charges, however, may not be taxed as costs under any circumstances." Thayer, 793 P.2d at 798.

Springer responds that this Court should not follow the attempt in Thayer to limit the District Court's discretion in awarding costs, but, rather, we should return to giving the District Court broad discretion under 25-10-201(9), MCA, to determine whether these costs are taxable according to the course and practice of the court. Springer, relying on Luebben v. Metlen (1940), 110 Mont. 350, 100 P.2d 935, further argues that only if we affirm the District Court's award of costs will he be indemnified against the expense of asserting his right to be compensated for the City's wrongdoing in destroying his property.

Finally, the City again relies on Thayer and argues that Springer's claim for deposition costs ($454.25) is not allowable because the depositions were not used at trial. Moreover, the City asserts that Springer's request for $558.00 to cover his counsel's mileage expenses for five separate trips from Great Falls to Bozeman is not a statutorily identified allowable cost. Springer responds that while the depositions were not used at trial, they were filed with the court and used by both parties in their motions for summary judgment, and, therefore, these deposition costs are allowable. Additionally, Springer asserts that his counsel's mileage expenses were allowable because they were reasonable and necessary litigation expenses. We hold, as a general proposition, that a party ultimately prevailing on summary judgment is entitled to the same allowable costs as if the case had been disposed of at trial. See e.g. Fisher v. State Farm Ins. Cos. (Mont. 1997), ___ P.2d ___, ___, 54 St.Rep. 151, 152 (explaining that costs for depositions used by the court in a dispositive summary judgment motion are allowable). Consequently, here, because Springer prevailed both on summary judgment and at trial for damages, he is entitled to recover any costs which he incurred in either proceeding, as allowed by 25-10-101 and 25-10-201, MCA. Accordingly, to determine whether the District Court abused its discretion in awarding all of Springer's claimed costs, we will consider the law as it applies to each of the disputed costs in turn.

In Thayer, we limited the broad discretion of the District Court under 25-10-201(9), MCA, by holding that a District Court should allow only those photocopying costs which were incurred in constructing exhibits admitted at trial. Thayer, 793 P.2d

at 798. Additionally, as the City correctly argues, we also held in Thayer that "[t]elephone charges . . . may not be taxed as costs under any circumstances." Thayer, 793 P.2d at 798. However, we note that the additional disputed costs for postage, UPS charges and a "Service Fee" are not specifically disallowed by Thayer or by statute, and, therefore, the awarding of these costs is properly left to the broad discretion of the District Court under 25-10-201(9), MCA, to determine whether these costs are "reasonable and necessary expenses . . . according to the course and practice of the court . . .."

Furthermore, we recently reiterated the rule that deposition costs are recoverable not only for depositions used at trial, but for depositions filed with the district court and used by the court in a dispositive summary judgment motion. Fisher, 54 St.Rep. at 152 (citing Roy v. Neibauer (1981), 191 Mont. 224, 227-28, 623 P.2d 555, 557). However, in Thayer, when considering the expenses associated with the audio-visual depositions used, we limited the allowable costs for audio-visual or tape recorded depositions to only those expenses incurred in recording, transcribing and editing the depositions. Thayer, 793 P.2d at 798. We further explained that "airfares, hotel bills, rental car expenses and other incidental costs incurred in obtaining depositions" were not allowable costs. Thayer, 793 P.2d at 798. In the case at bar, it appears that the depositions were recorded stenographically. Despite the different recording method used here, the rule established in Thayer still applies. That is, only those deposition expenses incurred in recording, transcribing and editing the depositions are allowable; any incidental costs incurred are not allowable costs. See Thayer, 793 P.2d at 798.

Finally, we note that while 25-10-201(1), MCA, specifically allows for witness mileage, the statute is silent as to whether counsel's mileage is also allowable. Consequently, like the costs for postage, UPS charges, and "service fees," the award of counsel's mileage costs is left to the broad discretion of the District Court to determine whether these costs are "reasonable and necessary expenses . . . according to the course and practice of the court . . .." However, as we explained previously, any part of Springer's counsel's mileage costs incurred when obtaining depositions are considered incidental costs which are not allowed. Thayer, 793 P.2d at 798.

Based on the foregoing, we affirm the District Court's award of $175.00 in filing fees because these costs were not disputed. However, we reverse the District Court's award of $33.67 for Springer's long distance telephone calls. Furthermore, we remand

with instructions that the District Court determine what costs for photocopies (including the facsimile transmittals and copies for juror questionnaires) were expended on exhibits admitted at trial, and, therefore what photocopying costs are allowable. Additionally, on remand, the District Court must determine if the costs for postage, UPS charges, a "Service Fee," and counsel's mileage are allowable pursuant to 25-10-201(9), MCA. Finally, on remand, the District Court must determine whether it relied on the depositions of Springer, Bill McManis, James L. Conner and Jason Becker when it granted Springer summary judgment. Moreover, the District Court must determine what portion of the deposition expenses were incurred in recording, transcribing and editing the depositions, and, therefore, what deposition costs are allowable.

3. Did the District Court abuse its discretion in failing to award Springer attorney fees and costs pursuant to Rule 37(c), M.R.Civ.P., for proving requests for admissions that the City denied?

On October 6, 1995, Springer served the City with Interrogatories, Requests for Production and Requests for Admission, to which the City responded. On October 18, 1995, Springer served the City with Amended Requests for Admission, to which the City again responded. Springer asserts that the City denied Requests for Admission Nos. 9, 11, 12, and 22, which Springer later proved to be true through deposition testimony and which the District Court accepted as uncontroverted facts in granting Springer summary judgment. As a result, Springer asserts that he incurred attorney fees and costs. Springer explains that he filed an Affidavit of Attorney Fees in the amount of $2,187.00 pursuant to Rule 37(c), M.R.Civ.P., but did not list any costs with this Affidavit because he had previously submitted his "Bill of Costs" to the District Court pursuant to 25-10-201, MCA. Consequently, on cross appeal, Springer contends that he is entitled to attorney fees under Rule 37(c), M.R.Civ.P. The City responds that Springer is not entitled to attorney fees because the City properly responded to all of Springer's Requests for Admission.

Rule 37(c), M.R.Civ.P., provides:

If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit.

Springer argues that he proved the truth of the following requests for admission through deposition testimony:

REQUEST FOR ADMISSION NO. 9:  Admit that document 1 is a notice of abandoned vehicle that was placed on plaintiff's 1968 volkswagen van on September 24, 1992.
RESPONSE:  Deny.

REQUEST FOR ADMISSION NO. 11:  Admit that the notice of abandoned vehicle contains a tow date of September 25, 1992.
RESPONSE:  It would appear that Document #1 which was attached to Plaintiff's amended Request for Admission contains a handwritten entry, the author of which is unknown, of "tow date of 09/25/92."

REQUEST FOR ADMISSION NO. 12:  Admit that Officer Jason Becker or any other Bozeman City Police Officer did not notify Plaintiff before having his vehicle towed.
RESPONSE:  Deny.

REQUEST FOR ADMISSION NO. 22:  Admit that on September 28, 1992, Plaintiff's 1968 Volkswagen van was capable of being driven.
RESPONSE:  Deny.

Upon review of the District Court record, it does not appear that the District Court addressed Springer's request for attorney fees pursuant to Rule 37(c), M.R.Civ.P., in its findings of fact and conclusions of law entered June 26, 1996, or in any other separate order.

Nevertheless, after reviewing the deposition testimony taken by Springer and filed with the District Court, we conclude as a matter of law that Springer proved the truth of Requests for Admission Nos. 9, 12 and 22, which Bozeman denied.  Specifically, McManis testified in his deposition that he placed a Notice of Abandoned Vehicle on Springer's van on September 24, 1992 (see Request for Admission No. 9).  Further, McManis testified that he did not send Springer a certified letter notifying him that his van had been towed but rather only attempted to contact Springer by telephone (see Request for Admission No. 12).  Finally, McManis testified that prior to having Springer's van towed, he did not know if the van was capable of being driven or operated, whereas, Springer's undisputed deposition testimony explains that he drove his van to the opposite side of the street before Bozeman towed and destroyed it (see Request for Admission No. 22).  Furthermore, we conclude as a matter of law that none of the exceptions of Rule 37(c), M.R.Civ.P., preclude the District Court from awarding Springer reasonable attorney fees.

However, we disagree with Springer that Bozeman's response to Request for Admission No. 11 constitutes a denial.  Rather, we conclude that Bozeman's response was an admission, and, therefore, Springer is not entitled to reasonable expenses or attorney fees under Rule 37(c), M.R.Civ.P., for proving the truth of Request for Admission No. 11.

Consequently, we hold that the District Court abused its discretion when it

failed to award Springer attorney fees for proving the truth of Requests for Admission Nos. 9, 12 and 22, which Bozeman denied. Accordingly, we remand this issue to the District Court for calculation of the amount of reasonable attorney fees to which Springer is entitled and entry of an appropriate order.

In conclusion, we affirm the District Court's Order granting Springer summary judgment. However, we reverse that part of the District Court's July 11, 1996 Judgment awarding Springer costs for long distance telephone calls. Additionally, we remand for recomputation the issue of whether the remaining disputed costs awarded to Springer in the District Court's July 11, 1996 Judgment are allowable costs under 25-10-201, MCA. Finally, we remand for calculation of the amount of attorney fees to which Springer is entitled pursuant to Rule 37(c), M.R.Civ.P.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We concur:

/S/ J. A. TURNAGE
/S/ WILLIAM E. HUNT, SR.
/S/ TERRY N. TRIEWEILER

Justice Karla M. Gray, concurring in part and dissenting in part.

I concur in the Court's opinion on issues one and two and respectfully dissent on issue three, which relates to attorney fees under Rule 37(c), M.R.Civ.P. My concerns about issue three are both procedural and substantive.

At the outset, I observe that neither the Affidavit for Attorney Fees referenced by the Court, nor any motion in support of which such an affidavit properly could be filed, is of record in this case. While Springer attaches a copy of the Affidavit to his brief on cross-appeal in this Court, that copy does not reflect a "filed" date and, indeed, the Affidavit is neither physically contained in the District Court record nor referenced in the Case Register which accompanies that record. Even assuming that an affidavit is sufficient in and of itself to serve as a motion or official request to a district court for action, an assumption with which I would not agree since Rule 37(c), M.R.Civ.P., requires a party to "apply to the court for an order," it is my view that a district court cannot properly be held in error in failing to award relief--here, attorney fees-- which is

not requested on the record.

I note in this regard that the City did file a response in the District Court to Springer's "request" for attorney fees, and it may be that the parties, at least, operated under the joint misunderstanding that the "request" had been filed. Notwithstanding the parties' implicit agreement to address a matter not of record, however, it is my view that we perform a disservice to district courts when we "reverse" them on matters never, in fact, presented to them for resolution. Surely it must remain counsel's duty to ensure that matters intended to be filed are actually filed and made part of the record.

Even assuming arguendo, however, that a motion for attorney fees under Rule 37(c), M.R.Civ.P., and supporting affidavit were of record in this case, I would not address the issue here. Springer was the prevailing party in the action and it was Springer's "motion" for attorney fees which arguably had not been addressed before the District Court entered judgment in the case. Instead of bringing the "motion" to the District Court's attention for determination either prior to, or soon after, the judgment was entered, Springer simply went ahead and served notice of entry of judgment, thereby beginning the running of the time during which the City could file its notice of appeal.

Springer then filed a cross-appeal, arguing that the District Court abused its discretion in failing to award him attorney fees pursuant to Rule 37(c), M.R.Civ. P. This Court addresses that issue on the merits. I would not, since Springer did not provide the District Court with an opportunity to determine the matter. At the very most, I would remand this issue to the District Court for purposes of clarifying the record and addressing the "motion" on its merits. In my view, it simply is not our role to address an issue on appeal which has not been properly presented to the district court for resolution. Furthermore, to hold that a district court abused its discretion in failing to award attorney fees under circumstances such as those before us here is simply unfair to the District Court.

Finally, I disagree with the Court's substantive resolution of the attorney fee issue regarding Requests for Admission Nos. 9 and 12. I will address each in turn under the three-step process set forth in Rule 37(c), M.R.Civ.P., which requires determinations that 1) there was a failure to admit; 2) the requesting party later proved the truth of the matter; and 3) none of the four extenuating circumstances exists which might "excuse" the failure to admit.

Request for Admission No. 9 asked for an admission that "document 1 is a notice of abandoned vehicle that was placed on plaintiff's 1968 [V]olkswagen van. . . ." The City denied. In fact, "document 1" was not the notice which was placed on Springer's vehicle; it was a copy of that notice. Thus, while the City's denial was somewhat technical, it was a proper denial. Nor did Springer later prove that "document 1" was the actual notice placed on Springer's van. McManis' deposition testimony that he placed "a Notice of Abandoned Vehicle" on Springer's van--on which the Court relies as "proof" that "document 1" was the actual notice--proves nothing of the sort.

Moreover, while it is clear that the first portions of Rule 37(c), M.R.Civ.P., are not met with regard to the City's denial of Request for Admission No. 9, it is my view that the Court also errs in concluding that none of the extenuating circumstances which might excuse any improper denial was satisfied. Specifically, the second extenuating circumstance listed in Rule 37(c) is that "the admission sought was of no substantial importance" and that circumstance certainly applies to Request for Admission No. 9. In response to Request for Admission No. 1 in the same set of discovery from Springer, the City admitted that "on or about September 24, 1992, a Notice of Abandoned Vehicle was placed on Plaintiff's 1968

Volkswagen van." In addition, the subsequent Final Pretrial Order in the case, filed January 31, 1996, stated as an "AGREED UPON FACT" "[t]hat on or about September 24, 1992, a Notice of Abandoned Vehicle was placed on the Plaintiff's van." The McManis deposition was not taken until May 21, 1996, months after it was agreed by all parties that a notice of abandoned vehicle was placed on Springer's vehicle on or about September 24, 1992. Thus, even assuming that the City had improperly denied Request for Admission No. 9 and that Springer had later proved the truth of the matter via McManis' deposition, the "admission sought was of no substantial importance" under Rule 37(c), since it had been admitted and, indeed, incorporated into the controlling Final Pretrial Order. I would conclude that Springer is not entitled to attorney fees with regard to Request for Admission No. 9.

I would reach the same result on Request for Admission No. 12. The request was to admit that no City police officer notified Springer "before having his vehicle towed." The City denied. In fact, the September 24, 1992, notice of abandoned vehicle contained a tow date of September 25, 1992. In my view, that notice was notice to Springer prior to towing his vehicle and, therefore, the City properly denied Request for Admission No.

12. In this regard, the Court again refers, in my view erroneously, to McManis' deposition. There, McManis testified that he did not send Springer a certified letter notifying him that his van "had been towed," but merely attempted to contact Springer by telephone. That testimony goes to post-towing events and not to the pre-towing notice to which Request for Admission No. 12 relates.

In summary, I would not address this cross-appeal issue. If addressing it, I would conclude, as does the Court, that Springer is not entitled to attorney fees with regard to Request for Admission No. 11 and is entitled to attorney fees with regard to Request for Admission No. 22. I disagree with the Court that Springer is entitled to fees relating to Requests for Admission Nos. 9 and 12. As a result, I would hold that Springer is entitled to fees with regard to only one of the four Requests for Admission for which such fees are sought.

/S/ KARLA M. GRAY