No. 84-395

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

JOHN O. HEINE and NANCY HEINE,

Plaintiffs, Counter-Defendants
and Appellants,

-vs-

JAMES C. SEIBERT,

Defendant, Counter-Claimant and
Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Towe, Ball, Enright & Mackey, Billings, Montana

For Respondent:

Peterson, Schofield & Leckie, Billings, Montana

---

Submitted on Briefs: July 11, 1985

Decided: August 5, 1985

Filed: AUG 5 - 1985

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

John and Nancy Heine appeal a judgment of the Yellowstone County District Court which granted them liquidated damages, but denied them other damages in addition thereto, following the sale of a business to James Seibert, and Seibert's subsequent default in making payments to the Heines. Seibert, as buyer, filed a counterclaim, seeking an order that the Heines, as sellers, be held responsible for the accounts payable of the business, inasmuch as the sellers were entitled to the accounts receivable upon buyer's default. The District Court reimbursed the buyer for monies paid on behalf of the business, but denied his request for damages to his credit and business reputation, and intentional infliction of emotional distress. The buyer appeals the judgment on his counterclaim.

Four issues are presented by this appeal. The first issue is whether the liquidated damages provision in the parties' contract also required the sellers to assume the accounts payable as part of those liquidated damages. The second is whether the District Court order overlooked and should have included a finding that the sellers were responsible for outstanding debts of the business incurred under the buyer's operation of the business. The third issue is whether the buyer was entitled to prejudgment interest at the contract rate on the accounts payable which he paid after he defaulted. The fourth issue is whether the buyer was entitled to an award for damage to his credit and business reputation and for intentional infliction of emotional distress.

- 2 -

We affirm issues one, three and four and remand issue two for further proceedings.

On October 16, 1979, the sellers entered into a valid written contract with the buyer. The sellers sold a business known as Billings Sweeping Service to the buyer at a total purchase price of $155,000.00. The buyer put down $45,000.00, and agreed to pay $2,005.00 per month for ten years at $9\frac{1}{2}\%$ interest. After making several monthly payments, the buyer failed to make the payment in June 1980, and went into default. The sellers made an election, pursuant to the contract, to retake possession of the business, and to keep all the payments made to date, as liquidated damages for the buyer's breach of the contract. Those payments consisted of the $45,000.00 downpayment, and $16,000.00 paid in monthly installments, and the business was returned to the sellers on August 5, 1980.

However, a problem arose when the buyer turned the business back over to the sellers. While they agreed that the assets of the business included the accounts receivable, they disagreed as to who should be liable for the accounts payable. The sellers took the position that because those debts were incurred by the buyer while he was operating the business as a sole proprietor, he alone should retain liability. The buyer argued the election to take the business as liquidated damages meant the sellers should take all the business, including assets and debts.

The District Court determined that liquidated damages should consist of payments received, and return of the assets, and on that basis, it granted the buyer's motion for summary judgment.

The first error the sellers assert is that the trial court should not have included the accounts payable in the liquidated damages awarded to the sellers. The parties' contract does not specifically establish which party should be liable for the accounts payable upon default and surrender of the business by the buyer and both parties acknowledge that fact.

The written buy-sell agreement executed by the parties contains a default provisions which was used by the Heines in this case. They gave written notice and after the default remained uncured, the agreement was terminated and Seibert became obligated to surrender possession under the following provisions of the agreement:

> "In the event of such termination, Buyer will surrender possession of the business and all of its assets thereupon immediately and peaceably and execute such documents and instruments as Seller may require to evidence of record termination of this Agreement and of Buyer's interest in the business. In such case, Seller shall be entitled to retain all payments made hereunder as liquidated damages for breach of this Agreement as rental for the use of the business."

In addition, the District Court referred to paragraph 19 of the written agreement which provided:

> "19. Buyer agrees to fully pay and perform each, every and all of the covenants contained herein and further that he will operate and maintain said business in a good and workmanlike manner rendering full, complete, and thorough services to each of its customers, and Buyer further agrees that he will not assign any of the Seller's present accounts or contracts and that all future accounts and contracts will be kept with the business during the term of this agreement." (Emphasis added.)

The District Court pointed out that the Heines contended that under the above-described provisions of the contract, they have a right to repossess all of the property including the accounts receivable but are not obligated to pay the accounts payable. The District Court pointed out that

- 4 -

Seibert relied upon the same contract provisions to conclude that both accounts payable and receivable must go together and fall within the proper definition of "assets" and "accounts" and "contracts." The District Court received evidence at trial in addition to the written agreement. The District Court pointed out that the terms "assets," "accounts" and "contracts" are not words or concepts having a one-sided meaning but are generic terms which in many instances embrace both sides of a ledger since they involve not only rights but responsibilities. Based upon the evidence before it, the District Court concluded that as used in the agreement, "accounts" and "contracts" could very well actually be referring to customers of the business and the terms of service and payment relating to customers, but in no event could they be interpreted to mean that they refer to only one side of the asset-liability relationship. The court therefore concluded that Seibert correctly asserted that the accounts receivable and accounts payable are indivisible so that whichever party assumes one must also receive the other. The District Court concluded that, in summary, Seibert is entitled to judgment against the Heines for the amount of all the business accounts payable which he had paid from funds other than those coming from business accounts receivable, whether voluntarily paid or paid through enforcement measures exercised by creditors.

We conclude there is substantial evidence in the record to support the findings and conclusions of the District Court, and therefore affirm the order of the District Court which provided that Seibert is entitled to judgment against the Heines for the amount of all of the business accounts payable which he had paid from funds other than those coming

from the business accounts receivable. There was no error here.

The second issue, one raised by the buyer, is whether the court should have made a finding that the sellers were responsible for approximately $3,300.00 in debts, still owed by Billings Sweeping Service, which debts were incurred during the buyer's operation of the business. That figure was discussed during the trial, but apparently was overlooked by the court in its order. Further, the sellers did not address the point in their reply brief.

It is possible the trial court considered those debts as within its definition of the accounts payable. However, it is not the role of this Court to speculate on the trial court's intent. Therefore, we remand to the District Court for a clarification concerning the disposition of those outstanding debts.

The third issue is whether Seibert should have been awarded prejudgment interest on the accounts payable which he paid after his default, pursuant to § 27-1-211, MCA. Seibert asserted the that the contractual rate of interest (9.5%), should apply. The District Court held, and correctly so, that prejudgment interest under that statute applies only to an award of damages, and that the award in this case to Seibert, was one of reimbursement, not damages. Section 27-1-211, MCA, provides, in pertinent part:

> "Right to interest. Every person who is entitled to recover damages certain or capable of being made certain by calculation . . . is entitled also to recover interest thereon . . ."

Nor does § 27-1-212, MCA, apply:

> "When award of interest discretionary. In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given . . .."

- 6 -

The monies Seibert paid in excess of the required amounts do not represent a breach of any obligation on the part of the Heines.

Rather, the trial court noted that the applicable statute was § 31-1-106, MCA, which provides that for monies lent or due on any settlement of accounts, the legal rate of interest (6%) applied, and rendered judgment thereon. No error.

In the fourth issue, the buyer asserts the court erred in denying him damages to his business and credit reputation. Again, the court correctly determined that the actions of the sellers, in refusing to release the accounts receivable or refusing to accept responsibility for the accounts payable, were pursued through the legal process, not through self-help measures. There was no basis to find an intentional tort. The sellers sought a hearing resulting in an injunction to preserve the business pending a resolution of the dispute between the parties. The buyer did not appear at the hearing, and the injunction issued in the proper course. We do not see how the sellers' utilization of the legal process constitutes a basis for damages due to the buyer. We hold there is no error.

We affirm the District Court's judgment, and remand for clarification of the $3,300.00 debt noted above.

Affirmed as to issues one, three and four. Remanded as to issue two for clarification of the $3,300.00 debt.

_William E. Hunt_
Justice

We Concur:

- 7 -

_____
                Chief Justice

_____

_____

_____

_____

_____
                Justices

                                            - 8 -