No. 00-398

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 27

IDAHO ASPHALT SUPPLY, an Idaho corporation;

MONTANA REFINING COMPANY, a Montana

corporation; and RIVERSIDE CONTRACTING, INC.,

a Montana corporation,

Plaintiffs and Appellants,

v.

THE STATE OF MONTANA, DEPARTMENT OF

TRANSPORTATION, an agency of the State of Montana,

Defendant and Respondent.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Dorothy McCarter, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Michael J. Uda and Matthew J. Quinn, Doney, Crowley, Bloomquist

and Uda, Helena, Montana

For Respondent:

Stephen F. Harrison and Lyle Manley, Department of Transportation,

Helena, Montana

Submitted on Briefs: November 16, 2000
Decided: February 15, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 This is an appeal from the judgment of the First Judicial District Court awarding pre-judgment interest and costs to respondents following our remand and notice of remittitur in a prior appeal. We reverse the District Court's award of prejudgment interest and affirm its award of costs.

## BACKGROUND

¶2 This suit arises out of a contract dispute between the Montana Department of Transportation (Department) and a number contractors employed by the Department on a highway construction project (Contractors). The Department withheld certain payments as a penalty, and the Contractors sued to recover these payments. Following a bench trial, the District Court entered judgment in favor of the Contractors in the amount of $319,823.00 for the withheld payments, attorneys' fees, costs and pre- and postjudgment interest. The Department tendered full payment under protest and appealed the District Court's judgment.

¶3 This Court reversed and issued notice of remittitur to the District Court. Thereafter, the District Court entered judgment ordering the Contractors to reimburse the $319,823.00 and pay costs in the amount of $6,771.03. In addition, the District Court ordered the Contractors to pay interest on the $319,823.00, accruing from the date the Department

tendered payment. The Contractors reimbursed the $319,823.00 and paid $51,546.27 in postjudgment interest and costs. They refused, however, to pay any *prejudgment* interest for the period between August 7, 1998, when they received the money from the Department, and January 6, 2000, when the District Court entered its final judgment ordering them to make reimbursement. The Contractors appealed, seeking review of the District Court's award of costs and prejudgment interest and raising the following issues:

¶4 1. Did the District Court err when it ordered the Contractors to pay prejudgment interest on money they received from the Department?

¶5 2. Did the District Court err when it awarded presettlement offer costs to the Department?

## DISCUSSION

¶6 Issue 1. Did the District Court err when it ordered the Contractors to pay prejudgment interest on money they received from the Department?

¶7 The Contractors argue, as a matter of law, that the District Court may not award prejudgment interest on reimbursement payments. The Department characterized the reimbursement payment as "damages" and argued to the District Court and to this Court on appeal, that it is entitled to interest under § 27-1-211, MCA. We disagree and conclude that the District Court erred when it ordered the Contractors to pay prejudgment interest on the reimbursement.

¶8 We review a District Court's interpretation of the law for correctness. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. The Department argues that it is entitled to interest payments under § 27-1-211, MCA. That section provides:

> Every person who is entitled to recover *damages* . . . is entitled also to recover interest *thereon* . . . . [Emphasis added.]

The question, then, is whether court-ordered reimbursement payments are "damages" for the purpose of this section. We have previously held that they are not. Heine v. Siebert (1985), 217 Mont. 224, 228, 703 P.2d 865, 868.

¶9 In *Heine*, we held that § 27-1-211, MCA, does not authorize an award of prejudgment

interest on a reimbursement payment:

> The . . . issue is whether [the purchaser] should have been awarded prejudgment interest on the accounts payable which he had paid after his default, pursuant to § 27-1-211, MCA. . . . The District Court held, *and correctly so*, *that prejudgment interest under that statute applies only to an award of damages, and that the award in this case to [the purchaser] was one of reimbursement, not damages*. [Emphasis added.]

*Heine, 217 Mont. at 228, 703 P.2d at 868. Like Heine, this case deals with reimbursement, not damages. When it ordered reimbursement, the District Court was not making an award of damages. It was merely ordering repayment of funds that, by virtue of our reversal of the original action, the Contractors were no longer entitled to retain. Section 27-1-211, MCA, because it applies only to damages, does not grant authority for the District Court to order payment of prejudgment interest on reimbursements. We conclude, therefore, that the District Court incorrectly determined that the Department was entitled to prejudgment interest on the reimbursement payment.*

¶10 Issue 2. Did the District Court err when it awarded presettlement offer costs to the Department?

¶11 Following our remand and remittitur, the Department filed a memorandum claiming costs of $6,771.03. The Contractors did not object to payment of the Department's legitimate costs of appeal but contested the District Court's authority, under Rule 68, M.R. Civ.P., to impose any of the pretrial costs specified in the Department's memorandum. They also argued that costs of certain depositions were not recoverable because these depositions were never used at trial. After briefing on the issue, the District Court awarded costs to the Department in the full amount requested.

¶12 Generally, courts may, in their discretion, impose and apportion allowable costs between the parties. Section 25-10-103, MCA. However, the issue in this case is not whether the District Court abused its discretion in awarding costs, but whether the presettlement offer and deposition costs it awarded were of the type allowed. This is a question of law which we review for correctness. *Carbon County*, 271 Mont. at 469, 898 P.2d at 686.

¶13 A. Does Rule 68, M.R.Civ.P., prohibit the District Court from imposing presettlement offer costs against the Contractors?

¶14 The Department made a pretrial offer of settlement on May 8, 1997. The Contractors rejected this offer and were later subject to a less favorable judgment. They argue that, under these circumstances, Rule 68, M.R.Civ.P., limits allowable costs to those incurred *after* the offer of settlement. The Department counters that Rule 68, M.R.Civ.P., mandates imposition of postoffer costs but does not preclude imposition of other preoffer costs of the type at issue in this case. We agree.

¶15 Rule 68, M.R.Civ.P., does not restrict the court's ability to impose preoffer costs. The rule provides only that where a settlement offer has been made and rejected prior to trial, and the subsequent judgment was not more favorable to the offeree, then the offeree must pay *postoffer* costs:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer of judgment to be taken against the defending party. . . . *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer*. [Emphasis added.]

Mandating award of postoffer costs is not the same as prohibiting the award of preoffer costs. An award of preoffer costs is within the general discretion of the court under § 25-10-103, MCA, and the Contractors have made no argument suggesting that the District Court abused that discretion. We conclude, therefore, that the Contractors' Rule 68, M.R. Civ.P., argument is without merit.

¶16 B. <u>Did the District Court impose costs that were not allowable as a matter of law?</u>

¶17 The Department's memorandum of costs includes charges for depositions, copies of videotapes, printing of the Department's appellate briefs and a transcript of the District Court trial. The Contractors argue that the costs of certain depositions and exhibits are not allowable, as a matter of law, because those items were not used at trial. They cite Fisher v. State Farm Ins. Co. (1997), 281 Mont. 236, 239, 934 P.2d 163, 164, for the proposition that unless an item is entered into evidence, used to impeach a witness, or somehow relied upon by the court in making its decision, it is not a recoverable cost. The Department argues that costs of the contested items are all allowable under § 25-10-201, MCA, and points out that the contested items all satisfy the rule set out in *Fisher*. After examining the record, we agree.

¶18 Section 25-10-201, MCA, provides that a party to whom costs are allowed is entitled to include in his bill of costs his necessary disbursements for the following items:

(1) the legal fees of witnesses, including mileage, or referees and other officers;

(2) the expenses of taking depositions;

. . .

(4) the legal fees paid for filing and recording papers and certified copies thereof used in the action or on the trial;

. . .

(7) the reasonable expenses of making transcript for the supreme court;

. . .

(9) such other reasonable and necessary expenses . . . .

Section 25-10-201, MCA. With regard to deposition expenses, this Court has limited recovery to the cost of those depositions used as evidence or for impeachment during trial. *Fisher*, 281 Mont. at 239, 934 P.2d at 164. This Court's examination of the record indicates that all of the depositions listed in the Department's memorandum of costs were either used for impeachment purposes or introduced into evidence at trial and are, therefore, consistent with the special limitation of *Fisher*. All of the other items listed in the Department's memorandum of costs are allowable under § 25-10-201, MCA. Therefore, we conclude that the District Court correctly applied the law when it awarded the Department its costs in the amount of $6,771.03.

¶19 We reverse the order of the District Court awarding the Department prejudgment interest on the reimbursement payment of $319, 823.00, affirm the District Court's award of costs to the Department in the amount of $6,771.03 and remand for proceedings consistent with this opinion.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER